## STATE OF MISSOURI ex rel. and to Use of DARR v. A. B. COLLINS & CO., Inc., et al.

### No. 517.

District Court, W. D. Missouri, W. D.

Aug. 2, 1940.

C. A. Randolph, of Kansas City, Mo., for plaintiff.

Harding, Murphy & Tucker, of Kansas City, Mo., for defendant Hartford Accident & Indemnity Co.

REEVES, District Judge.

The only question for decision is whether the alleged corporate defendant, A. B. Collins & Company, Inc., has been dissolved so that it can no longer be sued. It is not contended that there is a separable controversy as between the two corporate defendants. The said A. B. Collins & Company, Inc., if still a corporate entity, is domiciled in Missouri, from which it has its corporate rights. The plaintiff is a resident of Missouri.

The evidence showed at the hearing that the Secretary of State made a notation in his office forfeiting the charter of said Company on January 1, 1939, for failure to file its "annual registration report and anti-trust affidavit for the year 1938." The notation or order of the Secretary of State was in the nature of a penalty for such neglect.

The court will take judicial notice that A. B. Collins & Company, Inc., was in bankruptcy in this court at the time of said admitted forfeiture. Whether in bankruptcy for the purpose of reorganization or liquidation, it was neither practicable nor feasible for the statutory trustees under the Missouri corporate statutes to act for and on behalf of the corporation. Under such circumstances any one having occasion to bring suit against the corporation could not, nor would they be permitted to sue the statutory trustees.

Adverting to the Missouri decisions, it was held by the Supreme Court of Missouri, in Yerxa, Andrews & Thurston, Inc., v. Viviano, 44 S.W.2d 98, 100, that the "forfeiture declared by the Secretary of State without a hearing, without an opportunity by the corporation to be heard, in a well-considered opinion by the Kansas City Court of Appeals has been held to be a mere suspension." There are other cases to the same effect.

It has been pointed out by counsel for the nonresident corporate defendant that a deceased person could not be sued and neither could a dissolved corporation be sued. This is undoubtedly the law but until a corporation is dissolved by some authority other than the mere notation of the Secretary of State, its life is not forfeited within the meaning of the law.

It would be most unusual if while a corporate entity was regularly within the jurisdiction of the bankruptcy court its corporate existence could be terminated by a mere notation of the Secretary of State. This would render the bankruptcy proceedings a nullity if the effect of the order was as extensive as contended by counsel. It should be held that A. B. Collins & Company, Inc., is a corporate entity, notwithstanding the action of the Secretary of State, and that there is not a diverse citizenship so as to confer jurisdiction upon this court.

The motion to remand will therefore be sustained, and it is so ordered.