STATE OF MISSOURI ex rel. and to Use of DARR v. A. B. COLLINS & CO., Inc., et al.

No. 538.

District Court, W. D. Missouri, W. D.

Aug. 19, 1940.

551

C. A. Randolph, of Kansas City, Mo., for plaintiff.

James T. Britt and Spencer, Terrell & Britt, all of Kansas City, Mo., for defendants.

OTIS, District Judge.

The principal question for decision arising on the motion to remand is this: Where the "corporate existence and rights" of a Missouri corporation have been "forfeited and canceled" and the corporation "dissolved" pursuant to Section 4619, R.S. Mo.1929, Mo.St.Ann. § 4619, p. 2049, for failure of the corporation to file its annual registration report and anti-trust affidavit as required by Sections 4613 and 4614, R.S. Mo.1929, Mo.St.Ann. §§ 4613, 4614, p. 2047, is that corporation non-existent so that, if joined as a defendant with a non-resident defendant, it may be disregarded in considering whether there is complete diversity of citizenship as between the plaintiff and the non-resident defendant? There are also presented two subordinate questions which will be stated hereinafter and considered briefly.

By way of introduction it should be said that I had overruled the motion to remand by an order filed on July 27, 1940. In that order it was indicated only that the motion was overruled on the theory that "before the institution of this suit A. B. Collins & Company, Inc., named as a defendant, had ceased to exist" and that, therefore, "there was diversity of citizenship between plaintiff and the only actual party defendant." Since that order was made, precisely the same question was presented in a companion case to my colleague, Honorable Albert L. Reeves. On August 2, 1940, he filed in the case pending before him, State ex rel. v. A. B. Collins & Company, Inc., and Hartford Accident and Indemnity Company, 34 F.Supp. 549, a memorandum opinion in which he reached a conclusion different from that which I had reached when I filed the order of July 27. When Judge Reeves' opinion was called to my attention, I granted a rehearing. My reason for that was the great respect I feel for

any views expressed by my colleague. When he has had opportunity fully to consider any question, his views almost always are right.

I have now heard the parties a second time and shall present here my conclusions and the reasoning whereby those conclusions have been reached.

Recognizing, of course, that I may be in error, nevertheless, I am satisfied that the motion to remand was properly overruled.

The petition in the case was filed in the state court February 22, 1940. Plaintiff sought recovery against A. B. Collins & Company, Inc., and Standard Accident Insurance Company on a fidelity bond which had been executed by A. B. Collins & Company, Inc., as principal, and Standard Accident Insurance Company, as surety. In the petition for removal which was filed in the state court on March 11, 1940, it was alleged by the removing defendant, Standard Accident Insurance Company, that the plaintiff was a citizen of Missouri and that the removing defendant was a citizen of Michigan. It was further alleged that A. B. Collins & Company, Inc., at the time of the institution of the proceeding, was a non-existent corporation; that its charter had been forfeited on January 1, 1939. The judge of the state court ordered removal on March 15, 1940. In the motion to remand which was filed here on May 6, 1940, it was denied that A. B. Collins & Company, Inc., was a non-existent corporation when the suit was instituted. It was also set up in the motion to remand (1) that in any event plaintiff had not been guilty of fraudulent joinder and (2) that the secretary of state had no authority to act against A. B. Collins & Company, Inc., while its corporation reorganization proceeding in bankruptcy was pending.

Upon the hearing of the motion to remand the following facts were established (they are indicated here as formal findings of fact):

1. Before January 1, 1939, A. B. Collins & Company, Inc., had failed to file its annual registration report and anti-trust affidavit as required by the laws of Missouri (Sections 4613 and 4614, R.S.Mo.1929, Mo. St.Ann. §§ 4613, 4614, p. 2047).

2. On January 1, 1939, the secretary of state, pursuant to Section 4619, R.S.Mo. 1929, Mo.St.Ann. § 4619, p. 2049, canceled the certificate of A. B. Collins & Company, Inc., by an appropriate entry on the margin of the record of the issuance of the certifi-

cate and notified the corporation by mail that "its corporate existence and rights in this state had been forfeited and canceled and that the corporation was dissolved, subject to rescission as provided by law."

3. There has been no rescission nor any application for rescission by the secretary of state of the action taken by him on January 1, 1939. The possible grounds for rescission set out in Section 4621, R.S.Mo. 1929, Mo.St.Ann. § 4621, p. 2050, did not exist in the case of A. B. Collins & Company, Inc.

4. Corporate reorganization proceedings for A. B. Collins & Company, Inc., have been pending in this court under the bankruptcy act since June 1938.

■ 1. In the absence of any decision of the Supreme Court of Missouri holding that a corporation, whose certificate has been canceled by the Secretary of State pursuant to Section 4619, is not a dissolved and non-existent corporation, I begin the consideration of the principal question by looking at the statutory law. The statutes, if they require interpretation, must be interpreted by this court, in the absence of any interpretation placed upon them by the highest court of the state. The first of the statutes involved is the section mentioned, 4619, which provides: "If any corporation shall fail to comply with the provisions of this article, on or before the thirty-first day of December, the corporate rights and privileges of such corporation shall be forfeited, and the secretary of state shall thereupon cancel the certificate, or license, of such corporation by appropriate entry on the margin of the record thereof, whereupon all the powers, privileges and franchises conferred upon such corporation by such certificate, or license, shall subject to rescission as in this article provided, cease and determine, and the secretary of state shall notify such corporation by mail, addressed to its postoffice address, as disclosed by the records of his office, that its corporate existence and rights in this state have been forfeited and canceled, and the corporation dissolved, subject to rescission as in this article provided."

It would be difficult to conceive of any language which could be more expressive of dissolution of corporate existence than the language used in this statute. Failure to comply with the provisions of law, so says the statute, ipso facto results in the forfeiting of "the corporate rights and privileges of such corporation." The Sec-

retary of State does not forfeit those rights and privileges. They are ipso facto forfeited. When he has canceled the certificate of the corporation and made an appropriate entry thereof on the record, "all the powers, privileges and franchises conferred upon such corporation by such certificate" (the reference here is to that certificate mentioned in Section 4538, Mo.St. Ann. § 4538, p. 1988, as a sine qua non without which a corporation can do nothing and be nothing) "shall * * * cease and determine." The Secretary of State is required to notify the corporation "that its corporate existence and rights in this state have been forfeited and canceled, and the corporation dissolved."

That the legislature meant exactly what it so plainly said in Section 4619, to-wit, that the "corporate existence * * * [has] been forfeited" and that the corporation has been "dissolved", is made even more clear by the connected section, 4622, which provides that: "When the forfeiture of the certificate, or license, of any corporation has been declared, the officers and directors or the manager, or managers, of the affairs of said corporation, at the time such forfeiture is declared, by whatever name they may be known in law, shall be trustees of such corporation with full power to settle its affairs and distribute its assets among its stockholders; after paying the debts due and owing by such corporation; and as such trustees to sue and recover debts and property due such corporation, and they shall be jointly and severally responsible to the creditors and stockholders of such corporations to the extent of its property and assets that may properly come into their hands."

How can it be contended that corporate existence has not ended, that a corporation has not been dissolved, when the corporation is dealt with exactly as a corporation would be dealt with if dissolved in a quo warranto proceeding. Trustees are designated by Section 4622 "to settle" the affairs of the dissolved corporation. That is action which is taken with respect to an individual when the individual is dead, with respect to a corporation when the corporation is dissolved. These trustees are authorized to "distribute" the assets of the corporation among its stockholders. Is it conceivable that such action could be taken if a corporation was not dissolved, if its existence merely was *suspended* and might again be resumed after an interval? The trustees are to sue to recover debts owing

to the corporation which has been dissolved and they are to be sued by the creditors of the corporation. Nothing of the kind is consistent with any theory except that which is so plainly expressed in Section 4619, namely, that the corporation has ceased to exist, that its rights have been forfeited, that it has been dissolved.

In this case, under the findings of fact, we are not concerned with the possible rescission of the action which the Secretary of State is required to take by Section 4619. Section 4621 deals with rescission. In this case, however, there not only was no rescission, but there was no application for rescission and no facts upon which such an application could have been bottomed. The matter may be passed without further reference.

■ There has been no contention made that such legislative dissolution of a corporation is not ipso facto effective. If there was such a contention, it has been fully answered by the Supreme Court of Missouri. See Collins v. Martin, Mo.Sup., 248 S.W. 941; Ford v. Kansas City & I. Short Line R. R. Co., 52 Mo.App. 439. The rule announced in these cases may not be the most logical rule, but it is the Missouri rule and it is binding on this court.

■ The conclusion that a corporation against which the action prescribed by Section 4619 has been taken, is dissolved and non-existent, seems, on the face of the statutes involved, to be beyond possible controversy. See Estel v. Midgard, etc., Co. (St. Louis Court of Appeals) 46 S.W. 2d 193, 195, 196. What then is the basis for the opposite contention? It is found in a dictum of the Supreme Court of Missouri in Yerxa, Andrews & Thurston, Inc., v. Viviano, 44 S.W.2d 98, 100. In the opinion in that case such action as that required by Section 4619 was referred to as a "forfeiture declared by the Secretary of State without a hearing, without an opportunity by the corporation to be heard," which action, "in a well-considered opinion by the Kansas City Court of Appeals has been held to be a mere suspension."

The slightest examination of the opinion, however, makes it perfectly clear that the language quoted was dictum. There was no such ruling in the case. On the contrary, such a ruling deliberately was avoided and the decision bottomed upon the theory that the judgment of the court below should be affirmed *without regard to* *whether the corporation involved had been dissolved or merely suspended.*

■ The dictum in the Yerxa case is bottomed upon an opinion of the Kansas City Court of Appeals in Collier, Inc., v. American Cafeteria Company, 215 Mo.App. 182, 256 S.W. 118. Of course the decision of an intermediate appellate court in Missouri is not binding upon this court. New York Life Insurance Company v. Stoner, 8 Cir., 109 F.2d 874, 878. The opinion of such a court, however, is entitled to all possible respect and consideration. A consideration of the opinion in the Collier case indicates that in that case there had been a rescission of the action taken by the Secretary of State pursuant to the statutory provision for such a rescission. All the court ruled was that *where there is such a rescission,* then, in the interim between cancellation and rescission, there is a state of corporate suspension. Obviously such a holding under such facts is not applicable to a case in which there has never been and could not be rescission. It may be logical to conclude that where there has been rescission there is suspension until the date of the rescission. Would it be urged, however, that where there is never rescission and no possibility of rescission, that there is then suspension? *Suspension for how long?* If the fact of suspension is dependent on the fact of rescission, certainly there can be no suspension where there is no rescission.

The Court of Appeals in the Collier case based its conclusion that, under the facts of that case, there was a suspension of corporate existence on the language of Section 4629, Mo.St.Ann. § 4629, p. 2054. That section reads: "No corporation shall maintain an action in any court of this state for the collection of bills or accounts payable or for the enforcement of a contract, made while such corporation is in suspension, or after the forfeiture of its certificate, or license, under the provisions of this article, unless it shall have first been reinstated, or the forfeiture entered against it rescinded as in this article provided." It does not seem to me that this section suggests that a corporation whose "existence" has been "forfeited and canceled" and which has been "dissolved" is merely in suspension, unless perhaps in the case of that corporation with respect to which the action of the secretary later has been rescinded. It will be noted that the language of the section is—"while such corporation is in suspen-

554

sion *or* after the forfeiture of its certificate or license, under the provisions of this article." If it was intended by the legislature that the status of a corporation whose "existence" has been "forfeited" and which has been "dissolved" as provided in Section 4619 was merely that of suspension, the word "or" would not have been used in the clause last set out. It would have read —"while such corporation is in suspension *after* the forfeiture of its certificate or license, under the provisions of this article."

■ 2. The contention that in no event was the plaintiff guilty of a fraudulent joinder since the plaintiff and plaintiff's counsel honestly believed that A. B. Collins & Company, Inc., was not really dissolved (and since they had judicial dicta to support their views) is entirely irrelevant. I have no doubt that the plaintiff and counsel honestly entertained such views. If, however, A. B. Collins & Company, Inc., was a dissolved, non-existent, corporation when this case was instituted, it could not possibly be considered in passing upon whether there was complete diversity of citizenship. If a plaintiff joins with a nonresident defendant a dead man, who was a resident of the same state with the plaintiff in his lifetime, there is still complete diversity of citizenship, no matter how sincerely the plaintiff believed that the dead man was a living man.

■ 3. The contention that the Secretary of State had no authority to act pursuant to Section 4619 and that the laws governing the dissolution of corporations in Missouri were not applicable to A. B. Collins & Company, Inc., merely because that company was involved in a corporate reorganization proceeding under the bankruptcy law, is not sound. The organization of a corporation and its dissolution are governed by state laws. The length of its corporate existence is governed by state laws. Congress has no constitutional authority to supercede those laws by any federal laws and never has undertaken to do so. If a bankruptcy law conflicts with some state procedure, of course the state procedure must give way, provided the bankruptcy law is one which could be enacted within the constitutional authority of Congress to regulate bankruptcies. Const. art. 1, § 8, cl. 4. The dissolution of a corporation, organized under state laws, in accordance with state procedure, whether legislative or judicial, no more interferes with the administration of bankruptcy laws than would the enforcement of criminal laws against an individual who had a personal bankruptcy proceeding pending. I suppose that an individual in bankruptcy could be tried for murder and hanged for that crime notwithstanding his bankruptcy proceeding. I suppose that the life of a state corporation may be ended by the state for violation of the laws of the state or by the expiration of the term for which it was chartered, notwithstanding the pendency of a bankruptcy proceeding. Bankruptcy has to do with the debts of individuals and corporations, with the application of the bankrupt's assets to the payment of those debts, occasionally with the suspension of debts. No state law can interfere with these matters. And no bankruptcy law can interfere with the right of a state to determine the existence or non-existence of any of its corporations.

The *motion to remand was properly* overruled. The motion for a rehearing is denied. So ordered.