**Gerald H. GOULD et al., Appellants,**

v.

**Albert BRICK et al., Appellees.**

No. 22335.

United States Court of Appeals
Fifth Circuit.

April 6, 1966.

Alan R. Schwartz, Walter H. Beckham, Jr., Robert Orseck, Norman S. Klein, William R. Colson, Miami, Fla., Nichols, Gaither, Beckham, Colson & Spence, Miami, Fla., of counsel, for appellants.

William C. Martin, Miami, Fla., Samuel Intrater, Washington, D. C., for appellees.

Before PHILLIPS,* JONES and BROWN, Circuit Judges.

WARREN L. JONES, Circuit Judge.

The appellees, Albert Brick, a citizen of the District of Columbia, and Freeman R. Paulson, a citizen of the State of Maryland, were plaintiffs [1] in an action brought in the United States District Court for the Southern District of Florida, against the appellants, Gerald H. Gould, a resident of Lee County, Florida, in the Middle District of Florida, Howard N. Lawn, a resident of New Jersey, Harold W. Wolfram, a resident of New York, and Alexander R. Hamilton, a resident of New York. The appellants, defendants in the district court, were sued as Trustees of Lee County Land & Title Company, a dissolved corporation formerly existing under the laws of Florida. Prior to its dissolution the principal place of business of the corporation was at Miami Beach in the Southern District of Florida. The action was brought to recover for legal services rendered to the corporation in the amount of $1,250,000. The corporation was dissolved in November 1963. Diversity of citizenship is the sole ground for Federal jurisdiction. The appellants, defendants in the district court, moved to dismiss on the ground that none of the plaintiffs and none of the defendants resided in the Southern District of

---

* Of the Tenth Circuit, sitting by designation.

1. Samuel Intrater, a resident of the District of Columbia, was joined as a party plaintiff after the action was commenced.

Florida. 28 U.S.C.A. § 1391(a). By a separate motion the defendants sought to have the cause transferred to the Middle District of Florida. 28 U.S.C.A. § 1406(a). The district court denied the motions. An interlocutory appeal from the order has been taken under 28 U.S.C.A. § 1292(b).

Both appellants and appellees rely upon statutes of Florida. These statutes, appearing in the margin,[2] have not been construed and applied to a situation such as is here presented. The appellees contend that the action is against the dissolved corporation, which was continued as a body corporate for three years pursuant to F.S.A. § 608.30(1), and that the venue for an action against it is in the Southern District of Florida.[3] The appellants, per contra, argue that the corporation, having been dissolved, cannot be a party defendant and even if it could have been sued, there was no attempt to bring the action against it. Section 608.30(1), say the appellants, is a statute of limitations requiring claims to be asserted and actions brought on corporate obligations or for the enforcement of corporate liabilities within three years. The question, as we see it, is a narrow one although not free from difficulty.

■ The law by which this appeal must be decided is the law of Florida. The guiding lights of Florida precedents do not shine overbrightly but are adequate to furnish a guide to a decision. In most jurisdictions, as in Florida, there

---

2. Every dissolved or expired corporation shall continue a body corporate for three years after dissolution or expiration for the purpose of satisfying its liabilities, selling and conveying its property and dividing the net remaining assets among the stockholders but for no other purpose. F.S.A. § 608.30(1).

\* \* \* \* \* \*

The directors of the corporation at the time of dissolution or expiration shall be and constitute a board of trustees for the property owned by the dissolved or expired corporation. In the event of vacancies in the board of directors at the time of dissolution or expiration the remaining directors, as trustees, may fill them from among the stockholders. Subsequent vacancies may be filled by the surviving trustees in like manner. Acts of a majority of the trustees or of a majority of the surviving trustees shall be acts of the board of trustees. F.S.A. § 608.30(2) (a).

\* \* \* \* \* \*

The trustees shall take charge of the estate and effects of the corporation. They shall act with reasonable diligence and dispatch to collect the debts due and property belonging to the corporation and to pay such debts and claims as may be established against it so far as assets coming into their hands permit. They shall have power to prosecute and defend, as trustees of the corporation, all suits in progress at the time of dissolution or expiration or thereafter arising as may be necessary for closing the affairs of the corporation and to sell and convey its property, real and personal. F.S.A. § 608.30(3) (a).

\* \* \* \* \* \*

Upon their making distribution after the three-year period or thereafter at the end of litigation, they shall be relieved and discharged of any further or personal obligation to distribute assets first to creditors and second to stockholders. Nothing in this section shall relieve the stockholders from ratable contribution, from any assets received in distribution, toward payment of any valid and enforceable claim made against them as distributees, or against the corporation, or relieve property coming to the hands of the trustees from any valid claim of lien or claim of right therein, nor prevent service of process upon the trustees as such to enforce any lien or determine any property right after distribution. F.S.A. § 608.30(5).

\* \* \* \* \* \*

Process against the directors of any corporation which has been or shall hereafter be dissolved under the laws of the State of Florida, as trustees of such dissolved corporation, may be served upon any one or more of the directors of such dissolved corporation, as trustees of such dissolved corporation, and such personal service shall be binding upon all of the directors of such dissolved corporation as trustees of such dissolved corporation. F.S.A. § 47.22.

3. A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes. 28 U.S.C.A. § 1391(c).

are statutory provisions that upon the dissolution of a corporation, the directors at the time of the dissolution become trustees for the settlement of its affairs. 16A Fletcher Cyclopedia Corporations 400 § 8174. Whatever the rule may be under the statutes of other states, in Florida the statutory trustees take title to corporate property upon the dissolution of the corporation, and are charged with the fiduciary duties imposed upon them by the statutes, with the right to sue and subject to being sued, Trueman Fertilizer Co. v. Allison, Fla., 81 So.2d 734. See Perry v. Shaw, 152 Fla. 765, 13 So.2d 811, 147 A.L.R. 352; Gribbel v. Henderson, 151 Fla. 712, 10 So.2d 734, aff. 153 Fla. 397, 14 So.2d 809. We think Professor Nadler has correctly stated the Florida rule as it is to be found in the Florida statutes and decisions. Professor Nadler has said:

"Although the directors of an existing and active corporation are quasi-trustees for the benefit of its stockholders, their fiduciary status becomes that of a full-fledged trusteeship upon the dissolution of their corporation not only for the stockholders but also for the creditors. Such director-trustees are governed by the general principles of law applicable to administrators, executors and trustees in the administration of their trusteeship." 2 Nadler, Florida Corporation Law 782 § 460.

The Florida statute, F.S.A. § 47.22 relates only to the manner of making service of process upon the statutory trustees. It makes any of the trustees an agent of the others for the service of process and does no more. It is not a venue statute.

 We are not called upon to decide whether the corporation, as such, could be sued on a claim such as the appellees have asserted. Cf. Neville v. Leamington Hotel Corporation, Fla., 47 So.2d 8. It is enough for our purposes here to

say that the action is not one against the corporation.

We conclude that the appellees, in order to maintain their action, must make the diversity showing required by 28 U.S.C.A. § 1391(a).[4] Having failed to do so, the judgment of the district court will be reversed with directions to dismiss the action.

Reversed and remanded.

---

4. A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside. 28 U.S.C.A. § 1391(a).