**AMERICAN NATIONAL BANK OF JACKSONVILLE, a National Banking Corporation, Plaintiff,**

v.

**JENNINGS DEVELOPMENT, INC., a Dissolved Corporation, et al., Defendants.**

**No. 77–196–Civ–J–T.**

United States District Court, M. D. Florida, Jacksonville Division.

June 7, 1977.

Thomas C. Dearing, Jacksonville, Fla., for plaintiff.

John M. McNatt, Jr., Jacksonville, Fla., for defendants Jennings Development, Inc. and Sara McNatt.

Michael C. Bergen, Lake City, Fla., for defendant Muse.

Carl M. Stewart, Jacksonville, Fla., for defendant Noonan.

Edwin F. Hunt, Atlanta, Ga., for defendant Noonan.

Thomas M. Baumer, Jacksonville, Fla., for defendant Ferrier.

## OPINION

CHARLES R. SCOTT, Senior District Judge.

When this action was commenced in state court on December 29, 1976, defendant Jennings Development, Inc., ('Jennings') had been a dissolved corporation for thirteen days. Service of process upon Jennings was attempted by means of service upon the designated resident agent, as provided by Fla.Stat. § 48.091. That service of process was quashed by the state court. Although Jennings had been a corporate citizen of Florida, all the remaining individual defendants who have been served with process are citizens of Georgia; and plaintiff is a corporate citizen of Florida. This case was removed by all of the individual defendants on March 14, 1977, pursuant to diversity of citizenship jurisdiction. 28 U.S.C. §§ 1332 and 1441 et seq.

Plaintiff has moved to remand this case to state court. The question presented by the motion is whether, despite being a dissolved corporation, Jennings' corporate citizenship in Florida destroyed the complete diversity of citizenship necessary for federal jurisdiction. *Strawbridge v. Curtiss,* 3 Cranch 267, 2 L.Ed. 435 (1806). If so, then this case must be remanded for lack of jurisdiction. *Local 1928, Glaziers, Glass Worleers v. Florida Glass & Mirror of Jacksonville, Inc.,* 409 F.Supp. 225, 226 (M.D.Fla. 1976); *Hayes v. C. Schmidt & Sons, Inc.,* 374 F.Supp. 442, 444 (E.D.Pa.1974). If, however, because Jennings is a dissolved corporation, the citizenship of its directors governs the question of jurisdiction, then this case cannot be remanded for lack of jurisdiction, since the individual defendant who is a director of Jennings is a citizen of Georgia. Precisely formulated, the question raised by the motion to remand is whether for purposes of diversity of citizenship jurisdiction in an action against a dissolved corporation, the dissolved corporation's citizenship is determined by its corporate citizenship, or by the citizenship of its directors.

When a corporation is dissolved, the directors become trustees of the corporation.

Fla.Stat. § 607.301(1). Nevertheless, remediable claims against the corporation continue for three years and may be defended by the corporation's directors-trustees in the name of the corporation. Fla. Stat. § 607.297. Florida law requires service of process in an action against a dissolved corporation, however, to be made upon one of the directors-trustees of the corporation. Fla.Stat. § 48.101.

It seems clear that under the legislative plan, although actions against a dissolved corporation remain viable for three years, those actions are in reality brought against, and defended by, the corporation's representatives—its directors-trustees. Although such actions may be brought against the dissolved corporation, even through its name, the only active participants (1) to defend the action, and (2) to satisfy a possible judgment against the corporation with corporate assets, are the corporation's directors-trustees. *Cf. Gould v. Brick,* 358 F.2d 437, 438 (5th Cir. 1966).

Under the choice-of-forums theory that permits defendants of different states than a plaintiff to remove a case to federal court, the directors-trustees of a dissolved corporation ought to have an opportunity to choose whether to defend the action in state court or federal court, if they are citizens of states different from plaintiff's. Hence, the court now holds that when a dissolved corporation, that formerly was a corporate citizen of Florida, is sued by a plaintiff who also is a citizen of Florida, but the director(s)-trustee(s) who must be served, and will defend the action are citizens of states other than Florida, their diverse citizenship from that of the plaintiff determines, and satisfies, the federal diversity-of-citizenship jurisdiction, enabling them to remove the case to federal court. Consequently, the Court has jurisdiction of this case, and the motion to remand must be denied. *Thermtron Prods., Inc. v. Hermansdorfer,* 423 U.S. 336, 343, 345, 96 S.Ct. 584, 588, 590, 46 L.Ed.2d 542, 549, 551 (1976).