Cynthia VINCENT, Plaintiff,

v.

DeMARIA PORSCHE–AUDI, INC., Volkswagen of America, Inc., and Volkswagenwerk, A.G., Defendants.

No. 81–2898–CIV–EPS.

United States District Court,
S. D. Florida,
Miami Division.

March 11, 1982.

Colson, Hicks & Eidson, P.A., Miami, Fla., for plaintiff.

Peter L. Wechsler, John Murray, Miami, Fla., J. Douglas McElvy, Tuscaloosa, Ala., for defendants.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR REMAND

SPELLMAN, District Judge.

THIS CAUSE came before the Court on Defendant, VOLKSWAGEN OF AMERICA, INC.'s (VWOA) Petition for Removal. Because Defendant, DeMARIA PORSCHE–AUDI, INC., (DeMaria), was a Florida Corporation, Plaintiff, CYNTHIA VINCENT, moved for remand indicating removal was improper under 28 U.S.C. § 1441(b). In response, VWOA asserted the claim against it was "separate and independent" of the claim against DeMaria, which would allow removal pursuant to 1441(c). Finally VWOA filed a "Notice of Filing" in which VWOA states that on December 8, 1980, DeMaria was dissolved.

The Court recognizes three issues with regard to this case and each issue will be dealt with accordingly. The issues are as follows:

(A) Whether the case should be remanded because removal would be improper under 1441(b);

(B) Whether the claim against VWOA is "separate and independent" from that against DeMaria, which would allow removal pursuant to 1441(c); and

(C) Whether the dissolution of DeMaria results in the elimination of the bar to removal.

### A. REMOVAL UNDER § 1441(b)

 Civil actions which require diversity of citizenship to support federal jurisdiction are removable "only if *none* of the parties in interest ... is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). In cases where only diversity of citizenship is available as a basis for federal jurisdiction, removal is barred if any of the *defendants is a citizen of the state in which the action originally was brought.*

In *Dees v. American Cyanimid Co.*, 296 F.Supp. 615 (S.D.Miss.1969), plaintiff, an Alabama citizen, brought an action for injuries in state court in Mississippi against a Maine corporation and a Mississippi corporation. Defendants removed the action to the federal district court in Mississippi. Plaintiff motioned to remand under 28 U.S.C. § 1441(b) and the court granted the remand absent a dismissal of the Mississippi corporation.

As applied to this case, since DeMaria is and was a Florida Corporation, this court lacks jurisdiction. Only diversity of citizenship is available here as a basis of federal jurisdiction, therefore, removal is barred because defendant, DeMaria, is a citizen of the State of Florida where the action was brought.

### B. SEPARATE AND INDEPENDENT CLAIMS UNDER § 1441(c)

 "Whenever a separate and independent claim or cause of action, which would

be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand . . . ." 28 U.S.C. § 1441(c).

The leading interpretation of 28 U.S.C. § 1441(c) is *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). In *Finn*, the plaintiff, a Texan, sued two foreign insurance companies and their local agent, also a Texan, in state court. The claims were for alternative claims of recovery on insurance policies issued by one or the other companies, or that the local agent failed to insure the property. The foreign insurance companies removed the action to the United States District Court claiming the causes of action were "separate and independent" from the claim against resident defendant. The Court found:

> [W]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).

341 U.S. at 14. The Court, relying on *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069 (1927), explained where plaintiff has suffered but one actionable wrong and is entitled to but one recovery, he has a single cause of action and it is irrelevant that his injury was due to one or the other of several distinct acts of alleged negligence. 341 U.S. at 13, 71 S.Ct. at 539, 95 L.Ed. 702.

The Courts have refused to find "separate and independent" causes of action in several other cases involving similar situations to the one at hand. In *Morrison v. Jack Richards Aircraft Co.*, 328 F.Supp. 580 (W.D.Okl.1971) an action arose out of an airplane crash. All defendants were charged with improper inspection and maintenance of the airplane. However, several were additionally charged with improper service and operation of the airplane, and still others were additionally charged with failure to adequately design and manufac-

ture the airplane. The court found there was not a separate and independent claim. Also, in *McKinney v. Rodney C. Hunt Co.*, 464 F.Supp. 59 (W.D.N.C.1978), there was an action against manufacturers and installers of a vessel door. Damages were sought for injuries received when the door malfunctioned. The Court held:

> [W]here a plaintiff, as in the instant case, joins two or more defendants to recover damages for one injury there is no joinder of separate and independent causes of action within the meaning of 28 U.S.C. § 1441(c).
>
> \*　\*　\*　\*　\*　\*
>
> The single wrong for which plaintiff seeks relief is the negligence of the defendants which allegedly caused his injuries. Defendants had separate responsibilities in the final product but there was only one person injured in one accident which related to one door.

*Id.* at 63–64.

As applied to this case, the plaintiff's complaint, although asserting different theories of recovery against various defendants, asserts only one requested recovery. The case at hand involves one car, one accident and one recovery. The various defendants are only links in a chain leading to the end product, very similar to the *McKinney* situation.

There have been several cases brought to our attention by defendants. However, none of the cases relied on by defendant seem to apply. One such case *Climax Chem. Co. v. C. F. Braun & Co.*, 370 F.2d 616 (10th Cir. 1966), dealt with a single plaintiff against a number of defendants for breach of a number of contracts. All the contracts had to do with the construction of one plant. The key to that case seems to be that each defendant was charged with a breach of a separate, independent contract. Unlike this case, the liability of each defendant on his particular contract was unrelated to the others. In *Braun*, the Court even stated that:

> Braun (the non-resident defendant) could not have removed had the case involved solely a claim against it and Thermal

(resident defendant) asserting joint liability for the defective furnishing of equipment for the plant.

*Id.* at 619.

As applied to this case, the plaintiff's situation involves only one piece of equipment, the car. Therefore, removal should be denied.

Another case relied upon by defendant, *Twentieth Century-Fox Film Corp. v. Taylor*, 239 F.Supp. 913 (S.D.N.Y.1965) is equally inapplicable. *Taylor* involved two separate and distinct employment contracts of a highly specialized nature—one with each defendant. Each breach gave rise to a separate wrong and a separate claim for damages unrelated to the breach of the other. The case at hand is clearly distinguished in that there is only one claim for damages for one accident.

## C. THE IMPACT OF DeMARIA'S DISSOLUTION ON REMOVAL

▪ Plaintiff argues, and correctly so, that the legal status of DeMaria is governed by Florida law, F.S.A. § 607.297. This statute provides:

...The dissolution of a corporation either:

(1) By the issuance of a certificate;

(2) By a decree of court; or

(3) By expiration of its period of duration

shall not take away or impair any remedies available to or against such a corporation or its directors, officers or shareholders for any right or claim existing, or any liability incurred prior to such dissolution if action or other proceeding thereon is commenced within three years after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name....

On this issue defendant offers *Missouri v. A. B. Collins & Co.*, 34 F.Supp. 550 (W.D. Mo.1940), in which the federal district court interpreted the Missouri corporate dissolution statute in light of a federal bankruptcy action. The statute was similar to the Florida statute here. The Missouri statute granted the dissolved corporation the right to sue and be sued after its dissolution. The Missouri Corporation was a defendant along with a foreign corporation. The foreign corporation moved for removal and the State of Missouri moved for remand. The court found complete diversity jurisdiction and reasoned the joining of a dissolved corporation is similar to joining a *dead man*, and "if a plaintiff joins with a nonresident defendant a dead man, who was a resident of the same state with the plaintiff in his lifetime, there is still complete diversity of citizenship, no matter how sincerely the plaintiff believed that the dead man was a living man." *Id.* at 554.

Although the Missouri statute was similar to the Florida statute, the court was interpreting the statute in light of Missouri law. In *American National Bank v. Jennings Development Inc.*, 432 F.Supp. 151 (M.D.Fla.1977), the Court interpreted the Florida statute in light of Florida law. The action, in *American National Bank*, was commenced in state court against a dissolved corporation and individual defendants. The defendants moved for removal. The court held where a dissolved corporation, which was formerly a corporate citizen of Florida was sued by plaintiff, a citizen of Florida, but directors-trustees who had to be served and would defend that action were not citizens of Florida, the citizenship of the directors-trustees controlled to satisfy federal diversity jurisdiction enabling them to remove.

As applied here, there is no indication that the directors of DeMaria are citizens of any state other than Florida; also, the action in *American National Bank* was not commenced until after the corporation had been dissolved where the action in this case was commenced before dissolution. [DeMaria was dissolved on December 8, 1980. The accident in question occurred in 1976 and the case was instituted in state court in 1979]. Furthermore, it appears Florida law would govern for purposes of this action and under the cases interpreting the Florida statute, the Florida courts have held

that the dissolution of a corporation is *unlike the death of an individual party. See Air Control Products, Inc. v. Perma-Stress, Inc.*, 189 So.2d 412 (Fla. 1st D.C.A. 1966). Therefore, it would appear that the Florida corporation would remain a citizen of Florida for diversity purposes.

█ With regard to Plaintiff's request for sanctions, the Court does not find the need for such measures in this particular case.

All motions filed with this Court since the filing of the Petition for Removal are rendered moot and the parties are advised to refile such motions as they desire with the state court.

Therefore, having reviewed the record in this cause and being otherwise duly advised, it is hereby

ORDERED AND ADJUDGED that the Plaintiff's motion for remand is GRANTED; and this cause is hereby remanded to the Circuit Court of the Eleventh Judicial Circuit of Florida, In and For Dade County.