**In the Matter of BEHR CONTRACTING, INC., Debtor.**

**Jeanette E. TAVORMINA, Trustee, Plaintiff,**

v.

**Stanley WEISS, American Dream Realty & Mortgage, Inc., Robert Infeld, Ernest J. Dawes, Leonard Rosenberg and GCC Financial Corporation, Defendants.**

**Bankruptcy No. 85–00840–BKC–SMW. Adv. No. 87–0169–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

Oct. 22, 1987.

Arthur S. Weitzner, Miami, Fla., for plaintiff.

Bruce M. Boiko, Bruce & Boiko, Coral Gables, Fla., for Dawes.

Harry R. Schafer, Kenny, Nachwalter & Seymour, Pa., Miami, Fla., for Infeld.

Robert A. Schatzman, Schantz & Schatzman, Miami, Fla., for GCC and Rosenberg.

Sandy Karlan, Miami, Fla., for Weiss and American Dream.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came before the Court for trial on the complaint of the Plaintiff, the Chapter 7 Trustee. The Court having heard the testimony and examined the evidence presented, observed the candor and

demeanor of the witnesses, considered the arguments and memorandum of counsel makes the following findings of fact and conclusions of law.

The complaint seeks the avoidance of various fraudulent transfers by the debtor in favor of certain corporate insiders and the subordination of certain claims to the recovery obtained by this proceeding. The transfers occurred on October 18, 1984, within one year of the commencement of these proceedings. During or at the conclusion of the case, the Plaintiff and the Defendants, Robert Infeld, Ernest J. Dawes, Leonard Rosenberg and GCC Financial Corporation, with court approval, entered into settlements with the trustee. It is unnecessary to restate the terms of the settlements and as provided in them, the separate final judgment will reflect the applicable subordination of the claims of GCC Financial Corporation and of Ernest J. Dawes. At the conclusion of the trial, upon motions of the Plaintiff, a preliminary injunction was issued enjoining Weiss from retransferring any property which is the subject matter of this litigation.

The facts supporting the trustee's recovery are as follows. On April 18, 1985, the debtor commenced voluntary proceedings pursuant to Chapter 7. The debtor was a Florida corporation engaged in the home improvements industry. Immediately prior to committing the transfers which are the subject matter of this dispute, the corporate stock was owned as follows:

| | |
|---|---|
| GCC Financial Corporation– | 50% |
| Stanley Weiss– | 22½% |
| Ernest J. Dawes– | 22½% |
| Robert Infeld– | 5% |

The directors consisted of Stanley Weiss, Ernest J. Dawes, Leonard Rosenberg and Charles James.

As a necessary element of the Plaintiff's case, the trustee alleged and proved that on October 18, 1984, the debtor was insolvent. The financial records of the debtor, as audited by their accountants and, as reviewed by the accountant for the trustee who testified as an expert, indicates that on October 18, 1984, the day of the transfers, the debtor was insolvent as defined by Bankruptcy Code § 101(31) in that the sum of its debts were greater than all of its property at fair value. The balance sheet, after subtracting property which is the subject matter of this lawsuit, reflects an insolvent condition of more than $650,-000.00. Although the Defendants have disputed the accuracy of the financial statement, they have offered no evidence to support a contrary conclusion and the court finds that the financial statement is sufficiently accurate to support the factual finding of insolvency. See *In re Roco Corporation*, 701 F.2d 978 (1st Cir.1983).

The trustee seeks the following recoveries as fraudulent transfers from Stanley Weiss, hereinafter (Weiss) and American Dream Realty & Mortgage, Inc., hereinafter (American Dream):

A. $2,000.00 representing repurchase by the debtor of it's stock from Weiss.

B. $68,000.00 as a transfer to American Dream for no apparent consideration or on account of an alleged (by the Defendants) antecedent debt.

C. Recovery of a shareholder's loan in the amount of $295,000.00 that was released by the debtor.

D. Imposition of director liability on Weiss for all of these transfers.

Concerning each of the alleged transfers, the respective liabilities are discussed as follows:

A. *The repurchase of corporate stock.* It is undisputed that the debtor repurchased 22½% shares of it's capital stock from Weiss for the sum of $2,000.00. A corporation may not validly repurchase it's corporate stock while insolvent and the corporation receives nothing of value in exchange for the purchase price. See *In re: Roco Corp. Supra* p. 981; *In re: Charter Company*, 68 B.R. 225 (Bkrtcy.M. D.Fla.1986). Accordingly, Weiss is liable to the trustee for this transfer in the amount of $2,000.00.

B. *Transfer to American Dream.* American Dream is a Florida corporation whose corporate stock is wholly owned by Weiss. As such, American Dream is an

affiliate and an insider of the debtor. See 11 U.S.C. § 101(2); (30)(E). It is undisputed that the debtor transferred $68,000.00 to American Dream on October 18, 1984. The debtor received nothing in exchange for this transfer. Weiss testified, uncorroborated by any competent evidence, that the transfer was to pay certain antecedent obligations due American Dream from the debtor. Assuming the transferee could establish an antecedent obligation, this proof would not be sufficient to defeat the trustee's recovery in this situation. 11 U.S.C. § 548(c) provides as follows:

"*Except to the extent that a transfer or obligation avoidable under this section is voidable under § 544, § 545 or § 547 of this title,* (emphasis added) a transferee or obligee of such a transfer or obligation that takes for value and in good faith as a lien or retain any interest transferred or may enforce any obligation incurred, as the case may be to the extent that such transferee or obligee gave value to the Debtor in exchange for such transfer or obligation".

■ It is American Dream's apparent position that it gave value in the form of forgiveness of an antecedent debt. Because the transfer would otherwise be avoidable under § 547 as a preference to an insider, this defense is not available to the Defendant. Furthermore, the transfer of certain accounts being held by American Dream to GCC Financial Corporation, another affiliate and insider does not constitute consideration to the debtor. Having concluded that this transfer should be avoided, liability for this transfer is imposed on Weiss and American Dream, jointly and severally, with the provision that the trustee obtain only one recovery. It is undisputed that American Dream is fully owned by Weiss and has no assets or liabilities. As such, the court concludes that the transfer was for the benefit of Weiss and therefore, recoverable from him. See 11 U.S.C. § 550(a)(1).

■ C. *Recovery of Shareholders' loan.* The trustee has sought recovery from Weiss for the release of a shareholder's loan. The books and records of the debtor reflect that Weiss was indebted to the debtor in the amount of $295,000.00. This loan was released by the debtor on October 18, 1984. In disputing liability for this transfer, Weiss testified, supported by the other officers and directors of the corporation, that this loan was only bookkeeping entries and actually represented salary that was paid to him and was not properly reported to the Internal Revenue Service. The Court finds that in substance, Weiss' contention is correct and concludes that this loan is not true property of the estate. Accordingly, the trustee is denied recovery for this transfer but is instructed to furnish to both Weiss and the Internal Revenue Service appropriate tax reporting information.

■ D. *The imposition of director liability for avoided transfers.* The trustee has requested the imposition of director liability against Weiss and a finding that all of the transfers to Weiss were committed while Weiss was serving as a director of the debtor. Weiss has resisted imposition of director liability on a factual theory that he resigned a month or so prior to commission of the transfers. Although Weiss introduced some evidence of an attempt to resign earlier, the best evidence introduced, the corporate records and the testimony of the debtor's corporate counsel, reflect that Weiss resigned as a director on October 19, 1984. Therefore, the Court finds that Weiss was a director at the time of the transfers and is responsible and is liable as a director. Florida Statutes § 607.111 and § 607.144 impose liability on a director for failure to discharge his office in good faith and for distribution to shareholders without provision for the payment of all debts. See also *Poe & Associates, Inc. v. Emberton,* 438 So.2d 1082 (Fla.App. 2 Dist.1983). The transfers avoided and Weiss' conduct are within the scope of these Florida Statutes. The Court therefore concludes that Weiss, through his receipt of above stated fraudulent transfers, for which relief is granted, committed fraud while serving in a fiduciary position with the debtor.

Pursuant to Bankruptcy Rule 9021 a separate final judgment will be entered in ac-

cordance herewith. Said judgment will be against Weiss for the separate amounts of $2,000.00 plus interest, and jointly with American Dream for the sum of $68,000.00 provided that the trustee can achieve only one recovery under this latter award. The trustee is further entitled to interest from the commencement of this adversary proceeding on April 7, 1987. The final judgment will also provide, in accordance with the prior stipulations, that the claim of GCC Financial Corporation is subordinated to this recovery without prejudice to the trustee seeking further subordination of this claim in regards to other potential recoveries and that the claim of Ernest J. Dawes is subordinated to all unsecured creditor claims filed in this proceeding. The preliminary injunction will dissolve upon the judgment becoming final. The Court will consider an award of costs upon appropriate motion.