PER CURIAM.
This is an appeal by the defendant David Arnowitz from a final judgment based on an adverse non-jury verdict in an action seeking collection on a corporate debt. The trial court concluded that the defendant, as the sole director of the subject corporation, assented to a preferential distribution of the corporate assets without making ade *606 quate provision for a corporate obligation on a lease held by plaintiff/lessor, the Equitable Life Assurance Society of the United States — and, accordingly, the defendant was liable on the subject debt under Section 607.144(l)(c), Florida Statutes (1987). The defendant urges that this statute was inapplicable to the instant case for a variety of reasons. We disagree and affirm.
First, we cannot agree that because the corporation was apparently current on the lease payments at the time of its dissolution that it had no further responsibility to make provision for future lease payments for which it was liable in the event the successor tenant defaulted. No such provision was made, and, accordingly, upon the successor-tenant’s default, the subject corporation was liable, as was the defendant, as the corporation’s sole director. See § 607.144(l)(c), Fla.Stat. (1987); cf. Floirda Steel Corp. v. Adaptable Dev., Inc., 503 So.2d 1232, 1234-36 (Fla.1986); Poe & Assoc., Inc. v. Emberton, 438 So.2d 1082, 1084-85 (Fla. 2d DCA 1983).
Second, the balance of the defendant’s arguments on appeal are based on evidence which was never admitted below and consequently was never considered by the trial court. This being so, the alleged evidence relied on and arguments based thereon may not be considered for the first time on appeal. See Rosenberg v. Rosenberg, 511 So.2d 593, 595 n. 3 (Fla. 3d DCA 1987), rev. denied, 520 So.2d 586 (Fla.1988); Barton v. Keyes Co., 305 So.2d 269, 270 n. 1 (Fla. 3d DCA 1974); Florida Livestock Bd. v. Hygrade Food Prod. Corp., 141 So.2d 6, 7 (Fla. 1st DCA 1962).
AFFIRMED.