Gordon S. GARBUTT, Jr., et al., Plaintiffs,

v.

SOUTHERN CLAYS, INC., et al., Defendants.

Civ. A. No. 93–433–1–MAC (WDO).

United States District Court, M.D. Georgia, Macon Division.

Feb. 22, 1994.

Benjamin M. Garland, Macon, GA, for plaintiffs.

Richard Anthony Schneider, Atlanta, GA, for defendants.

## ORDER

OWENS, Chief Judge.

Before the court is plaintiffs' motion to remand. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court issues the following order.

## FACTS

On November 24, 1993, plaintiffs brought suit against Southern Clays, Inc. and The Rhode Island Charities Trust ("Rhode Island Trust") in the State Court of Bibb County, Georgia. Plaintiffs asserted various state law causes of action against defendants based on an allegedly fraudulent land deal that took place in 1957. Defendant Southern Clays, Inc. is a defunct Georgia corporation that was dissolved in 1985. Rhode Island Trust is a foreign corporation that, according to plaintiffs, purchased all of the assets of defendant Southern Clays, Inc. On December 23, 1993, defendant Rhode Island Trust removed the state action to federal court on the basis of diversity jurisdiction. Plaintiffs, however, filed a motion to remand in which they asserted that this court lacked jurisdiction be-

cause complete diversity did not exist among the parties.

## DISCUSSION

■ 28 U.S.C. § 1441 provides, in part:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the States in which such action is brought.*

28 U.S.C. § 1441(a), (b) (emphasis added). "Removability should be determined 'according to the plaintiff's pleading at the time of the petition for removal.' . . . On a motion to remand, the removing party bears the burden of proof on the issue of diversity." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983).

■ According to plaintiffs' complaint, defendant Southern Clays, Inc. is a "defunct Georgia corporation" (Compl. at ¶ 1) and defendant Rhode Island Trust is a "foreign corporation." (Compl. at ¶ 2.)[1] Plaintiffs' complaint also provides "that all of the assets of Defendant Southern Clays, Inc., including the subject property, have been transferred, without consideration, from Defendant Southern Clays, Inc. to Defendant Rhode Island Charities Trust." (Compl. at ¶ 4.) Plaintiffs contend that the presence of Southern Clays, Inc., a dissolved Georgia corporation, destroys the existence of complete diversity and, therefore, the court must remand this case to state court. Defendants, however, assert that Southern Clays, Inc.

should not be considered in determining this court's diversity jurisdiction.

In *American National Bank of Jacksonville v. Jennings Development, Inc.*, 432 F.Supp. 151 (M.D.Fla.1977), the United States District Court for the Middle District of Florida addressed a situation similar to that in the case *sub judice*. In *Jennings Development, Inc.*, the plaintiff, a corporate citizen of Florida, sued a dissolved Florida corporation and its former directors in state court. The former directors, all Georgia citizens, removed the case to federal court. The plaintiff moved to remand the case back to state court contending that the presence of the dissolved Florida corporation destroyed complete diversity. The court, however, denied the plaintiff's motion to remand. The court found that although Florida law permitted a suit against a dissolved corporation, the suit was in reality a suit against the directors. *Jennings Development, Inc.*, 432 F.Supp. at 152. The court noted that "the only active participants (1) to defend the action, and (2) to satisfy a possible judgment against the corporation with corporate assets, are the corporation's directors-trustees." *Id.* Accordingly, the court held:

[W]hen a dissolved corporation, that formerly was a corporate citizen of Florida, is sued by a plaintiff who also is a citizen of Florida, but the director(s)-trustee(s) who must be served, and will defend the action are citizens of states other than Florida, their diverse citizenship from that of the plaintiff determines, and satisfies, the federal diversity-of-citizenship jurisdiction, enabling them to remove the case to federal court.

*Id.*

In the case *sub judice*, plaintiffs have brought suit against Southern Clays, Inc., a dissolved Georgia corporation, and Rhode Island Trust, a foreign corporation that, according to plaintiffs, acquired all of Southern Clays, Inc.'s assets. Official Code of Georgia Annotated section 14-2-1407(e) provides:

Subject to the provisions of this Code section, a claim against a corporation in dissolution or against a dissolved corpora-

---

1. Plaintiffs are citizens of Georgia and North Carolina.

tion may be enforced under this Code section:

(1) Against the corporation, *to the extent of its undistributed assets;* or

(2) *If the assets have been distributed in liquidation, against a shareholder of the corporation* to the extent of his pro rata share of the claim or the corporate assets distributed to him in liquidation. . . .

O.C.G.A. § 14–2–1407(e) (emphasis added). It is clear that under the facts of this case, as set forth in plaintiffs' complaint, "the only active participant[ ] (1) to defend the action, and (2) to satisfy a possible judgment against the corporation" is The Rhode Island Charities Trust. Accordingly, adopting the holding in *Jennings Development, Inc.,* the court holds that diversity jurisdiction does exist and **DENIES** plaintiffs' motion to remand.

**SO ORDERED.**