DELL, J.
Jesson, Inc., a dissolved Florida corporation (Jesson), and Donald Schupak (Schupak) and Barry Florescue (Flores-cue), as Last Directors and Trustees of Jesson, Inc., timely appeal a final judg *1065 ment for $719,559.24 in favor of Sutton Hill Associates, Inc. (Sutton Hill). The trial court found that Jesson, a nominal defendant in this case, by way of its board of directors, “fraudulently divested itself of its assets in order to hinder and delay its creditors, including [Sutton Hill], from the collection of just debts owed by the corporation to these creditors.” The alleged fraudulent transfer of all of Jesson’s assets to its three shareholders, which included Floreseue and Schupak, rendered Jesson’s guaranty of a 1977 lease useless when Jesson’s sub-corporation breached the lease. Sutton Hill cross-appeals the trial court’s decision not to hold Schupak and Floreseue individually liable for the judgment.
Jesson was administratively dissolved on November 4, 1988, for failure to file its annual report. In 1991, during the time that Jesson was dissolved, Sutton Hill filed a one-count complaint against Jesson, and against Floreseue and Schupak as last directors and trustees of Jesson, to enforce the guaranty. On July 28, 1993, documents were filed to reinstate Jesson as a corporation. However, the trial court found that Sutton Hill failed to prove that Jesson had been reinstated as an active corporation. Sutton Hill filed an amended complaint in September, 1994, after it learned of Jesson’s complete liquidation. It added a second count against the same parties, alleging that “[t]he stripping of the assets of Jesson constituted a fraudulent transaction as it was a transfer of assets to its shareholders that was made with the actual intent to hinder, delay or defraud Sutton Hill with respect to the obligations of Jesson under the guaranty.”
In 1994, Sutton Hill obtained a final judgment against Schupak based on a clerk’s default. In Schupak v. Sutton Hill Assocs., 710 So.2d 707 (Fla. 4th DCA 1998), this court reversed the judgment, concluding that the trial court did not have personal jurisdiction over Schupak because service of process was not proper under section 48.031(1), Florida Statutes (1993). This court declined to decide the issue of whether Schupak was subject to the trial court’s jurisdiction as a trustee by virtue of uncontested service of process on Flo-rescue and, assuming he was, whether Flo-rescue’s responsive pleading as trustee would suffice as Schupak’s responsive pleading. The court also declined to decide whether Sutton properly amended its complaint without having served the complaint on Schupak. Id. at 709.[1] On December 5, 1996, Sutton Hill filed a second amended complaint naming Floreseue and Schupak individually. Schupak has not been served individually or as a last director of Jesson.
After holding a bench trial on appellee’s Second Amended Complaint, the trial court issued a Final Judgment in favor of Sutton Hill and against “Jesson Incorporated [as a nominal defendant]; Barry Flo-rescue, not individually but as last trustee and director of Jesson, Inc.; and Donald Schupak, not individually but as last trustee and director of Jesson, Inc.,” for $719,599.24. The trial court found that it had jurisdiction over Jesson, and Flores-cue and Schupak, as last directors and *1066 trustees of Jesson, by virtue of service of process in that representative capacity upon Florescue, pursuant to section 48.101, Florida Statutes (1991).
Jesson, Florescue and Schupak raise the following issues in this appeal: Whether the trial court erred when it entered judgment against Jesson; when it entered judgment against Florescue, as last trustee and director of Jesson; when it entered judgment against Schupak, as last trustee and director of Jesson, pursuant to section 48.101, Florida Statutes; whether competent substantial evidence supported Sutton Hill’s claim for fraudulent transfer, the amount of damages awarded by the trial court, and that Sutton Hill was both the assignee and owner of Jesson’s guaranty; whether the trial court erred in determining that Sutton Hill was entitled to attorney’s fees and costs; and whether the trial court erred in denying Jesson’s, Flores-cue’s and Sehupak’s motion for involuntary dismissal at the close of Sutton Hill’s case. On cross-appeal, Sutton Hill challenges the trial court’s finding that Jesson’s directors were not individually liable for actions taken in their capacity as directors of the corporation.
We have considered the issues on appeal and cross-appeal and, with the exception of one issue on appeal, conclude that the parties have failed to demonstrate reversible error. As to the remaining issue, we hold that the trial court erred when it entered final judgment against Schupak as a last director of Jesson, pursuant to section 48.101, Florida Statutes (1991).
At trial, Sutton Hill showed that in March of 1986, Schupak and Florescue adopted a plan to liquidate Jesson’s assets and file for dissolution, pursuant to chapter 607, Florida Statutes, the Florida General Corporation Act. Florescue, as Jes-son’s president, filed with the Internal Revenue Service, a Corporate Dissolution form with the plan of liquidation attached. Florescue indicated that Jesson was “to be dissolved or liquidated” and that a sufficient amount of cash would be reserved in good faith to pay the corporation’s liabilities and expenses. However, Jesson did not formally dissolve, which would have required it to formally notify its creditors and reserve certain monies for its debts. See § 607.261(2)-(3), Fla. Stat. (1985). Instead, Jesson administratively dissolved two years later in 1988, and no assets were retained.
The trial court found that Jesson fraudulently divested itself of its assets by way of its directors, to the detriment of its creditors. The final judgment states, in pertinent part:
At the time that Jesson Incorporated liquidated its assets it failed to reserve sufficient assets to cover its contingent liability under its guarantee [sic] to Plaintiff. At the time of its liquidation of its assets it was well aware through Mr. Florescue of the condition of the lessee since Mr. Florescue was also the president of the lessee corporation. The condition of the lessee corporation was such that even though it was current in its rent at the time that the guarantor liquidated its assets, the plan of liquidation having been adopted in March, 1986, Jesson Incorporated should have retained sufficient assets to meet the liability under the guarantee [sic] which is the subject of this action. By February 28, 1987, no assets were retained to pay liabilities. The complete liquidation of all assets was done with a fraudulent intent to hinder contingent creditors from the collection of future foreseeable debts incurred by the corporation, thereby constituting a fraud on creditors ... Therefore the Court finds that Jesson, Inc. fraudulently divested itself of its assets to the detriment of one of its *1067 creditors, Plaintiff, Sutton Hill Associates.
The legislature, in section 607.144(l)(c), Florida Statutes (1985), and later in section 607.0834, Florida Statutes (1990), provided that directors can be held personally liable to the corporation’s creditors for their actions taken while directors. See, e.g., Fearick v. Smugglers Cove, Inc., 379 So.2d 400 (Fla. 2d DCA 1980)(holding that the complaint stated a valid cause of action against two individuals who were directors at the time of the corporation’s dissolution, in their capacities as trustees, for property owned by the dissolved corporation pursuant to sections 607.144, 607.297 and 607.301); In re Behr Contracting, Inc., 79 B.R. 84, 87 (Bankr.M.D.Fla.1987)(finding that an individual who was a director at the time of the [fraudulent] transfers was “responsible and liable as a director” under sections 607.111 and 607.144)(emphasis added).
In Arnowitz v. Equitable Life Assurance Society of the United States, 539 So.2d 605 (Fla. 3d DCA 1989), the third district affirmed a trial court’s decision to hold a director of a dissolved corporation liable to a corporate creditor under section 607.144(l)(c), because the director “assented to a preferential distribution of the corporate assets without making adequate provision for a corporation obligation on a lease.” Id. at 605-606. The court held:
[W]e cannot agree that because the corporation was apparently current on the lease payments at the time of its dissolution that it had no further responsibility to make provision for future lease payments for which it was liable in the event the successor tenant defaulted. No such provision was made, and, accordingly, upon the successor-tenant’s default, the subject corporation was liable, as was the defendant, as the corporation’s sole director.
Id. at 606.
Here, Florescue was personally served under section 48.101, Florida Statutes (1991), as a last trustee and director of Jesson, but Schupak was not personally served in any capacity. The trial court stated in the final judgment:
The court finds it has jurisdiction over Jesson Incorporated, a dissolved corporation and Barry Florescue and Donald Schupak as last directors and trustees of Jesson Incorporated by virtue of service of process in that representative capacity upon Barry Florescue. Florida Statute 48.101 provides that service on one of the directors binds all of the directors of the dissolved corporation as trustees thereof. Therefore the decision today is binding upon Donald Schupak as a trustee of Jesson, Inc. as well as upon Barry Florescue as trustee of Jesson Incorporated.
Section 48.101, Florida Statutes (1991),[2] entitled “Service on dissolved corporations,” states:
Process against the directors of any corporation which is dissolved as trustees of the dissolved corporation shall be served on one or more of the directors of the dissolved corporation as trustees thereof and binds all of the directors of the dissolved corporation as trustees thereof.
The trial court was correct when it concluded that service on Florescue, as trustee, was binding on Schupak, as trustee, with regards to Jesson’s assets. See Am. Nat’l Bank of Jacksonville v. Jennings Dev., Inc., 432 F.Supp. 151, 152 (M.D.Fla.1977). In Jennings, the court wrote:
*1068 When a corporation is dissolved, the directors become trustees of the corporation. Fla. Stat. s. 607.301(1). Nevertheless, remediable claims against the corporation continue for three years and may be defended by the corporation’s directors-trustees in the name of the corporation. Fla. Stat. s. 607.297. Florida law requires service of process in an action against a dissolved corporation, however, to be made upon one of the directors-trustees of the corporation. Fla. Stat. s. 48.101.
Id. at 152. Thus, we hold that the final judgment binds Schupak as last trustee of Jesson.
However, Schupak correctly argues that the trial court erred when it entered judgment against him “as last trustee and director of Jesson, Inc.,” without personal service on him in any capacity. Service of process on Florescue in his representative capacity[3] did not operate as constructive or substitute service on Schupak, “as a ... director of Jesson.” See Gould v. Brick, 358 F.2d 437 (5th Cir.1966)(citing to section 47.22, Florida Statutes, the precursor to section 48.101 prior to amendment). The Gould Court wrote:
The Florida Statute, F.S.A. § 47.22 relates only to the manner of making service of process upon the statutory trustees. It makes any of the trustees an agent of the others for service of process and does no more ...
Id. at 439. Hence, due process requires that in order for Sutton Hill to proceed against Schupak personally, he must have been served in his individual capacity or as a former director of Jesson. Since Schu-pak was not personally served in either capacity, we hold that the final judgment as to “Schupak, as last ... director of Jesson, Inc.” cannot stand. Thus, we affirm that portion of the final judgment that finds Schupak liable as a last trustee of Jesson, but reverse the final judgment against Schupak as a last director of Jes-son.
Finally, we have considered Sutton Hill’s arguments on cross-appeal and conclude that Sutton Hill has failed to demonstrate error. The trial court did not err when it concluded that Schupak and Florescue could not be held liable individually, and when it determined that Florescue was liable as a last trustee and director of Jesson. However, as discussed above, because Sutton Hill failed to serve Schupak in any capacity, he cannot be held liable individually or as a last director of Jesson.
Accordingly, we reverse the final judgment against Donald Schupak, as last director of Jesson, and affirm the final judgment in all other respects.
AFFIRMED IN PART, REVERSED IN PART.
WARNER, C.J., and HAZOURI, J., concur.

. On May 3, 1996, Jesson filed a voluntary petition for bankruptcy under Chapter 11. The filing of that action operated as a stay of the present case, but the bankruptcy court granted relief from the stay by order entered on June 22, 1996, There were limitations, however, which the trial court noted in its order. Sutton Hill’s action could proceed to judgment against Jesson but there was to be no recovery against its assets held by third parties as a result of fraudulent transfers. Sutton Hill stipulated that it was not seeking distribution of Jesson’s assets, but instead intended to pursue Floreseue and Schupak personally.

. The record shows that service of process on Florescue was perfected in 1992. Thus, the 1991 statute applies, contrary to Schupak’s claim.

. Florescue was served in his capacity as "President and Director [of] Jesson, Inc.”