Gordon E. STAPLES
v.
The O'DAY CORPORATION, Northeastern Distributors, Inc., Northeast Marina, Inc., and Guilbert Desrochers.
Civ. A. No. 2342.

United States District Court
D. New Hampshire.
April 17, 1963.

Burns, Bryant & Hinchey, Stanley M. Burns, Dover, N. H., for plaintiff.

Walter A. Calderwood, Dover, N. H., for defendants Northeastern Distributors, Inc. and Guilbert Desrochers.

CONNOR, District Judge.

This suit was commenced in the Rockingham County Superior Court. A Petition and Bond for Removal were filed in this court on October 29, 1962, by defendant Northeastern Distributors, Inc., a Massachusetts Corporation, and the motion to remand was filed on November 7, 1962.

The present Statute governing removal is 28 U.S.C. § 1441, which superseded the previous 28 U.S.C. § 71. The case of American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), was the first and last Supreme Court case to deal squarely with § 1441 (c) which reads in its entirety as follows:

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

In this case, O'Day and Northeastern Distributors are Massachusetts corporations, Northeast Marina is a New Hampshire corporation and Staples and Desrochers are New Hampshire residents. The law as enunciated by the Finn case is clear and I have found no inroads into that position. In considering whether the instant case qualifies under the "separate and independent claim or cause of action" phrase, we must look to the guidelines established in Finn.

"A separable controversy is no longer an adequate ground for removal unless it also constitutes a separate and independent claim and cause of action. * * * Of course, 'separate cause of action' restricts removal more than 'separable controversy.' In a suit covering multiple parties or issues based on a single claim, there may be only one cause of action and yet be separable controversies." (341 U.S. 11, 12, 71 S.Ct. 538, 539)

\* \* \* \* \* \*

"Considering the previous history of 'separable controversy,' the broad meaning of 'cause of action,' and the congressional purpose in the revision resulting in 28 U.S.C. § 1441(c), we conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." 341 U.S. 13, 14, 71 S.Ct. 540)

In Finn, a Texas resident sued two foreign insurance corporations and the resident agent. The pleading, stated in the alternative, alleged the individual liability of each insurance company, and the joint and several liability of the two companies and the Texas resident agent. The Supreme Court held that the case was erroneously removed to the Federal Court because there was no separate cause of action. This case has been fol-

lowed in a long line of cases denying the right of removal. Snow v. Powell, 189 F.2d 172 (C.A.10th, 1951) (an assault and a negligent omission); Manternach v. Jones County Farm Service Company, 156 F.Supp. 574 (N.D.Ia.1957) (breach of warranty where third party manufacturer liability dependent upon original claim); Harper, et al. v. Sonnabend, 182 F.Supp. 594 (S.D.N.Y.1960) (potential third party liability on original claim); Platt v. Illinois Central Railroad Company, et al., 305 F.2d 136 (C.A. 5th 1962) (wrongful death against engineer and railroad); First National Bank of Lake Providence, et al. v. American Marine and General Insurance Company, et al., 181 F.Supp. 285 (E.D.Ark.1960) (alternative claims of joint and several liability); Race v. Nationwide Mutual Insurance Company, 180 F.Supp. 789 (E.D. Wis.1960) (negligent driver and contractual insurer); and Charles Dowd Box Company, et al. v. Fireman's Fund Insurance Company, et al., 303 F.2d 57 (C.A. 1st 1962) (insured and thirty-nine insurance companies). The foregoing principles have been followed in this jurisdiction. Cram v. New England Telephone and Telegraph Co., 172 F.Supp. 395 (D.N.H.1953).

■■ There seems to be no doubt that in the present case the plaintiff is suing for the single loss resulting from the capsizing of the sailboat. The plaintiff is unsure of the parties liable, if any, and on what theory liability might be predicated. Therefore, he has sued all four defendants jointly and severally on four counts, two sounding in contract and two in tort. The Race case, supra, readily dismisses the argument that a separate substantive cause of action can be based on different theories of liability alone. They quote Knight v. Chrysler Corporation, 134 F.Supp. 598, 601 as follows at p. 793 of 180 F.Supp.:

> "The fact that some of plaintiff's claims are in tort and some in contract does not serve automatically to make them 'separate and independent' where, as here, the ultimate legal objective remains the same. It

requires a separate and independent claim, not just a separate and independent theory, to meet the jurisdictional test of § 1441(c). * * *"

The plaintiff's motion is granted and the action is remanded to the Superior Court of Rockingham County.