**Kenneth C. McKINNEY, Plaintiff,**

v.

**RODNEY C. HUNT COMPANY, WSF Industries, Incorporated, Automatic Switch Company, and Allen Bradley Company, Defendants.**

No. SH–C–78–134.

United States District Court,
W. D. North Carolina,
Shelby Division.

Oct. 26, 1978.

---

Simpson, Baker, Aycock & Beyer by Dan R. Simpson, Morganton, N. C., Triggs & Hodges by C. Gary Triggs, Morganton, N. C., for plaintiff.

Hedrick Parham, Helms, Kellam & Feerick by Richard T. Feerick, Charlotte, N. C., for Allen-Bradley Co.

Helms, Mulliss & Johnston by W. Donald Carroll, Jr., E. Osborne Ayscue, Jr., Charlotte, N. C., for Rodney Hunt Co.

Golding, Crews, Meekins, Gordon & Gray by Fred C. Meekins and Rodney Dean, Charlotte, N. C., Ragsdale, Liggett & Cheshire, Raleigh, N. C., for WSF Industries.

## MEMORANDUM AND ORDER

WOODROW WILSON JONES, Chief Judge.

The Plaintiff commenced this action in the General Court of Justice, Superior Court Division of the State of North Carolina, naming Rodney C. Hunt Company; WSF Industries, Incorporated; Automatic Switch Company and Allen Bradley Company as Defendants. The Plaintiff alleged that he was injured in an industrial accident when the door of a dye beck vessel opened resulting in eruption of hot material from the vessel, which knocked him to the floor and covered his body with the hot steam, dying solution and cloth. Plaintiff seeks compensatory damages in the amount of five hundred thousand dollars ($500,-000.00) from each Defendant.

As set forth in the complaint, the Plaintiff alleged negligence on the part of each Defendant as follows:

"That the Defendant, Rodney C. Hunt Company, did negligently design, manufacture, assemble, label, market and install the aforesaid Hue-Master dye beck vessel, and failed to warn foreseeable third parties of the foreseeable and latent dangers attendant upon the proper and intended use of said vessel;

"That the Defendant, WSF Industries, Incorporated, did negligently design, manufacture, label and market the aforesaid Rapidoor dye beck vessel door, and failed to warn foreseeable third parties of the foreseeable and latent dangers attendant upon the proper and intended use of said door;

"That the Defendant, Automatic Switch Company, did negligently manufacture, design and market its aforesaid ASCO 4-Way Dual Solenoid Valve;

"That the Defendant, Allen Bradley Company, did negligently manufacture, design and market the aforesaid Allen Bradley Pressure Switch, and did negligently misrepresent said switch as being waterproof;

"That as a proximate result of the aforesaid unexpected opening of the Hue-Master dye beck vessel door, the Plaintiff has suffered head injuries from being knocked to the floor by the force of the escaping materials, and serious and painful burns over much of his body from contact with hot steam, dye solution and cloth."

On August 2, 1978, Defendant Allen Bradley Company petitioned the Court for removal of the action from the state court to the United States District Court for the Western District of North Carolina. Subsequently, the Plaintiff filed a Motion to Remand the case to the state court pursuant to 28 U.S.C.A. § 1447, contending "that the case was removed to this court improvidently and without jurisdiction, in that all of the defendants did not join in the Petition for

Removal and that the Petition was not verified by any of the Defendants." A hearing on this matter was held on September 25, 1978 in Rutherfordton and after a careful consideration of the record and arguments of counsel, the Court now enters its findings and conclusions.

■ Examination of the record reveals that counsel for the Allen Bradley Company submitted his affidavit as verification of the contents of the removal petition. Courts have held the verification requirement to be a formal one, with any defect easily curable. Additionally, an attorney's affidavit has been held sufficient to fulfill this requirement for removal. See 1A Moore's Federal Practice ¶ 0.168[3.–4] p. 466 (2nd Ed. 1974). Therefore, removal would not be precluded based upon the fact that the Defendant itself did not verify the contents of the petition.

The record also shows that the Allen Bradley Company is the only Defendant which has filed or joined in a petition for removal of the action from state to federal court. The record reflects that all of the Defendants were notified in advance of the September 25, 1978 hearing in this Court. All of the Defendants except Automatic Switch Company were represented by counsel at the hearing. It was represented to the Court at the hearing that the Automatic Switch Company had filed motions in the action in the state court, and there was no indication that that Defendant wanted the case removed. Counsel for the Defendant, Rodney C. Hunt Company represented to the Court that they did not object to removal. Counsel for WSF Industries, Incorporated appeared specially, arguing that there was no jurisdiction of his client in either state or federal court in North Carolina. Thus, the record and the arguments show that there is one Defendant, Automatic Switch Company which has shown no intention to join in a petition for removal, that one Defendant, WSF Industries, Incorporated has not given its views on removal and a third Defendant, Rodney C. Hunt Company has given only an oral indication that it would join in a removal petition,

leaving the Defendant Allen Bradley Company as the only Defendant presently moving formally for the action to be removed.

■ While 28 U.S.C.A. § 1441 sets forth the jurisdictional requirements for removal, § 1446 provides the procedure for removal of an action from state court to federal court. Assuming the jurisdictional requirements of § 1441 are met, § 1446(a) provides that "a defendant or defendants" desiring removal shall file a petition in the federal district court within which such action is pending. The courts have held as a general rule that "defendants" must be treated collectively. See 1A Moore's Federal Practice ¶ 0.168[3.–2] p. 447 (2nd Ed. 1974). As stated in Moore's ". . . unanimity among all parties substantively entitled to remove is required." Id. at p. 448. See also Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349, 427 F.2d 325 (5th Cir. 1970). Thus, each and every defendant who can meet the jurisdictional requirements of 28 U.S.C.A. § 1441 must join in a petition for removal in order for the petition to be valid. A caveat to the general rule is that nominal or formal parties, unknown defendants and defendants fraudulently joined may be disregarded, but proper, necessary and indispensable parties must be considered. See Tri-Cities Newspaper, Inc., supra. Since the Allen Bradley Company is the only Defendant which has filed a petition for removal at this time, the case must be remanded to state court for the failure to join each of the Defendants unless they can show they fall into an exception to § 1441 and § 1446.

■ The Defendant, Allen Bradley Company, did not contend that the other Defendants were merely nominal or formal parties. However, there was some question asserted by Defendants WSF Industries, Incorporated and Rodney C. Hunt Company that they had not been properly served and therefore it was unnecessary for them to join in a petition for removal. There is some authority for the argument that a nonresident defendant who has not been served can be disregarded for removal purposes since such defendant would be dis-

missed if the plaintiff failed to obtain jurisdiction over him. See *Grivas v. Parmelee Transp. Co.*, 207 F.2d 334 (7th Cir. 1953), *cert. denied* 347 U.S. 913, 74 S.Ct. 477, 98 L.Ed. 1069 (1954). Thus, if none of the Defendants, other than the Allen Bradley Company have been served, then there is a possibility the action could be removed upon its petition alone. But there remains at least one Defendant, Automatic Switch Company that did not join in the removal petition or contest the validity of the service of process in this Court. Therefore, without deciding whether or not, Defendants WSF Industries, Incorporated and Rodney C. Hunt Company have been properly served, the Court holds that the case must·be remanded to the state court due to the failure of the Defendant Automatic Switch Company to join in the petition for removal.

■ Defendant, Allen Bradley Company, argued that Plaintiff's claim against it could be removed under § 1441(c) as a "separate and independent claim or cause of action," without the joinder of any other of the Defendants in the petition for removal. However, the facts in the instant case do not indicate the type of independent claim provided for in § 1441(c). Plaintiff has filed an action in tort, alleging negligence on the part of each Defendant. Defendant, Allen Bradley Company, argues that the complaint indicates several liability rather than joint liability among the Defendants and therefore, the claims are separate and independent for purposes of removal. It is unnecessary for the Court to determine whether or not the complaint can be construed as alleging joint as well as several liability, because, where a plaintiff, as in the instant case, joins two or more defendants to recover damages for one injury there is no joinder of separate and independent causes of action within the meaning of § 1441(c). 1A Moore's Federal Practice ¶ 0.163[2] p. 247 (2nd Ed. 1974); *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). § 1441(c) reads as follows:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed·and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

■ The cases reveal that § 1441(c) is directed towards an action in which one or more of the defendants could not remove the claim against it due to the inability to meet the jurisdiction requirements of § 1441(a) or some other special jurisdictional statute. An example would be where there were two separate causes of action; one of which could not have been removed if sued on alone, due to lack of complete diversity, but the second claim involved a federal question. Since claim two could have been removed if sued upon alone, a defendant can remove both claims. See 1A Moore's Federal Practice ¶ 0.163[2], p. 246 (2nd Ed. 1974). Section 1441(c) provides relief from the situation in which one or more claims could not be removed due to a substantive defect, rather than where the claim cannot be removed due to the failure of one or more necessary defendants to join the petition for removal. In the instant case, the entire action would be a removable action under § 1441(a) but for the lack of joinder of all of the Defendants. Section 1441(c) does not apply when the entire action would be removable under § 1441(a). *Id.* See also 1A Moore's Federal Practice ¶ 0.163[4.–5] (2nd Ed. 1974) for a thorough discussion of this issue.

■ In any event the facts as set forth in the Plaintiff's complaint reveal a single cause of action which cannot be removed without the joinder of all the Defendants. Plaintiff seeks damages in compensation for injuries received when a door on a dye beck vessel malfunctioned. Each of the Defendants is charged with negligence on their part in the sale, production, installation and operation of that door or its components. However, the fact that each De-

fendant was responsible for a different phase in producing the final product does not make the action one involving separate and independent causes of action which would be removable under § 1441(c). The black letter law in Moore's expresses the rule well, "Joinder of Claims, Not Parties Makes § 1441(c) Applicable . . ." Id.

■■■ The law is well settled that where an action involves a single wrong to a plaintiff which was caused by a series of interwoven transactions there is no separate and independent claim or cause of action. *American Fire & Casualty Co. v. Finn, supra,* 71 S.Ct. at 540. To determine whether or not an action contains a single cause of action, the Court should look to the Plaintiff's pleadings. The single wrong for which Plaintiff is seeking relief in the instant case is the negligence of the Defendants which allegedly caused his injuries. Defendants had separate responsibilities in the final product but there was only one person injured in one accident which related to one door. As long ago as 1900, the Supreme Court held that it was well settled that when

". . . an action of tort which might have been brought against many persons or against any one or more of them, and which is brought in a state court against all jointly, contains no separate controversy which will authorize its removal by some of the defendants into the circuit court of the United States, even if they file separate answers and set up different defenses from the other defendants, and allege that they are not jointly liable with them, and that their own controversy with the plaintiff is a separate one; for, as this court has often said, 'A defendant has no right to say that an action shall be several which the plaintiff seeks to make joint. A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his suit to final decision in his own way. The cause of action is the subject-matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings.' "

(Citations omitted). *Chesapeake & Ohio Railway Co. v. Dixon,* 179 U.S. 131, 21 S.Ct. 67, 70, 45 L.Ed. 121 (1900). See also *Climax Chemical Company v. C. F. Braun & Co.,* 370 F.2d 616 (10th Cir. 1966).

Defendant, Allen Bradley Company has cited two cases to the Court in support of its argument that Plaintiff's claim against it is separate and independent from the claims against the other Defendants. The first case, *Beal v. Chicago, B. & Q. R. Co.,* 298 F. 180 (8 Cir.), was decided before the statute was revised in 1948. As noted in the second case cited by Allen Bradley Company § 1441(c) is more restrictive than prior statutes. *Staples v. O'Day Corporation,* 224 F.Supp. 576 (D.N.H.1963). See also 1A Moore's Federal Practice, ¶ 0.163[4.–3] fn. 3 (2nd Ed. 1974).

In conclusion, the Court finds that while the Plaintiff asked for relief against each of the Defendants individually in his complaint, the facts allege a single wrong constituting a single cause of action against multiple Defendants. Therefore, the action may not be removed without the joinder of all of the Defendants. It appearing to the Court that all necessary Defendants who could have joined in the petition for removal of this action have failed to do so, the Court concludes the case was improperly removed.

IT IS THEREFORE ORDERED pursuant to 28 U.S.C.A. § 1447(c) that this action be remanded to the Superior Court of Burke County, North Carolina. IT IS FURTHER ORDERED that Defendant Allen Bradley Company pay the costs incurred by reason of these removal proceedings. The Clerk is directed to mail a certified copy of this Memorandum and Order to the Clerk of the Superior Court of Burke County, North Carolina. See 28 U.S.C.A. § 1446(d) and § 1447(c).