Karen BLAIR, Plaintiff,

v.

Joseph MIGLIORINI, et al., Defendants.

No. C90–383.

United States District Court, N.D. Ohio, E.D.

Aug. 2, 1990.

Kenneth L. Gibson, Weick, Gibson & Lowry, Cuyahoga Falls, Ohio, for plaintiff.

Joseph W. Diemert, Jr., Joseph W. Diemert & Associates, Cleveland, Ohio, for defendants.

## MEMORANDUM and ORDER

BATTISTI, District Judge.

Two lawyers, purporting exclusive representation of the same client, and pursuing opposite strategies, have given this removed case a very odd set of facts. Pursuant to 28 U.S.C. § 1447(c), Defendant City of Macedonia, through its former Law Director and one purported counsel, Orval R. Hoover ("Hoover"), and Plaintiff Karen Blair ("Blair"), have filed Motions to Remand this case to the Court of Common Pleas, Summit County. Defendant Mayor Joseph Migliorini ("Migliorini"), by his counsel Joseph Diemert ("Diemert"), who also purports to represent Defendant City of Macedonia, ("Macedonia") oppose the Motion to Remand. The Defendants represented by Diemert have filed Motions to Strike, *inter alia*, the Motion to Remand filed by Hoover.[1] For the following reasons, this case must be REMANDED to the Court of Common Pleas, Summit County.

Blair commenced this lawsuit on January 29, 1990, which, *inter alia*, alleges a retaliatory discharge from public employment for exercising First Amendment rights. Blair was the Chief Building and Zoning Commissioner in Macedonia; her dispute with Mayor Migliorini, allegedly stems from his interference and actions (doing inspections, approving projects) contrary to ordinance and statutes, as well as her concerns over his actions as an officer or owner of private business entities. On February 5, 1990 Defendants Migliorini and Macedonia, both purportedly represented by Diemert, were served—Notice of Removal at ¶ 1; the case was removed to this Court on March 1, 1990:

> 6. Defendants named in the Complaint and served therewith are represented in this matter by Joseph W. Diemert, Jr. and ... individually join in and agree

with this Petition for Removal of this action to this Court.

> \*   \*   \*   \*   \*   \*

> 9. Filed herewith, and any reference made thereto, [are] true and accurate copies of all pleadings served upon petitioners in this action. THEREFORE, petitioners Joseph Migliorini and the City of Macedonia, request that this action pending against them in the Court of Common Pleas, Summit County, Ohio be removed therefrom to the United States District Court for the Northern District of Ohio, Eastern Division.

Notice of Removal, ¶¶ 6, 9.

On March 27, 1990, the City of Macedonia, through its Law Director, Hoover, filed a Motion to Remand. Hoover argues that Diemert represents Mayor Migliorini individually; he has attached a copy of the Resolution hiring Diemert, purportedly dated Feb. 22, 1990. Defendant City of Macedonia Motion to Remand, Exh. 1.

Filing a separate Motion to Remand, Blair, citing caselaw, argues that removal was improper because all Defendants did not, in fact, consent to Removal. Migliorini, through Diemert, has moved to strike the filings of Hoover; Hoover, claiming he represents the City, opposed such motions.

Some additional background, though not dispositive to the jurisdictional issue, adds some flavor to the context of this case. Because Hoover refused to resign as Law Director, Mayor Migliorini suspended Hoover as Law Director on March 22, 1990, effective at the close of business March 23, 1990. Hoover claims he learned March 19, 1990 that this case had been removed and denies he consented to removal—Macedonia Motion for Remand at 2 & Exhibit (showing Motion for Leave to Move or Plead by March 21, 1990 filed in Common Pleas on March 1, 1990 by Hoover). Hoover signed the Motion to Remand on March 23, 1990, which was filed March 27, 1990. Contesting the suspension, Hoover argues

---

1. Even if the Motion to Strike were granted, Plaintiff's Motion for Remand, based upon the same grounds, would have to be determined. This part of the Motion to Strike is DENIED. Diemert also seeks to strike the responsive pleading filed by Hoover; however, the responsive pleading filed by Diemert has not signed. *See* Fed.R.Civ.P. 11. Because this case is REMANDED, this part of the Motion to Strike need not be addressed in federal court.

that only the Council, not the Mayor, can remove him from the Law Director post.[2] Eventually, Hoover resigned as Law Director—*see* Notice of Resignation of Hoover filed by Diemert; and Hoover subsequently has requested leave to withdraw as counsel. Diemert now represents both the City of Macedonia and Mayor Migliorini.[3]

■ To determine whether the City of Macedonia actually consented to removal, the issue actually involves, which attorney—Hoover or Diemert, lawfully represented the City of Macedonia at the time of removal.[4]

### Removal Jurisdiction

■ In this case, removal is asserted under 28 U.S.C. § 1441(b). Removal statutes are strictly construed, *and all doubts are construed against removal. Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).[5] The party invoking federal jurisdiction bears the burden of affirmatively and clearly establishing it. *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Thornton v. Allstate Insurance Co.*, 492 F.Supp. 645, 647 (E.D. Mich.1980). Removability is determined on the basis of the Complaint and the Notice

of Removal (formerly termed the Petition for Removal), *as they read at the time the Complaint and the Notice of Removal are filed;* subsequent events and pleadings are usually irrelevant. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S.Ct. 347, 348, 83 L.Ed. 334 (1939); *Great Northern Ry. Co. v. Alexander*, 246 U.S. 276, 281, 38 S.Ct. 237, 239, 62 L.Ed. 713 (1918) (Clarke, J.); *Sunny Acres Skilled Nursing v. Williams*, 731 F.Supp. 1323, 1325 (N.D. Ohio 1990); *Hood v. Security Bank of Huntington*, 562 F.Supp. 749, 750 (S.D. Ohio 1983); 1A J. Moore & B. Ringle, *Moore's Federal Practice* ¶¶ 0.157[12], 0.163[4.–3] (2d ed. 1989). Thus, the time of removal—March 1, 1990, is dispositive; the Notice of Removal, filed by Diemert, states that Diemert represents both the Mayor *and the City.* Under the well-established rule, the time period for removal, 28 U.S.C. § 1446(b), "starts to run from the time of service on the *first* defendant who would have to be joined in the removal petition." 1A J. Moore & B. Ringle, *Moore's Federal Practice* ¶ 0.168[3.–2–2] at 553 n. 18. The purported Council Resolution, No. 35, 1990, confirming the hiring of Diemert as "special counsel to represent Mayor Joseph Migliorini in legal matters pertaining to the lawsuit filed by Karen Blair." Sections 1–2 Hiring Resolution.[6] Although he states he

---

**2.** Although Hoover attaches the Charter of the City of Macedonia, the issue of who can remove the Law Director, as well as who may suspend, is not central to the jurisdictional removal inquiry *sub judice.* The central question is which attorney "represented" the City at the time of removal—in other words, who could give consent to removal. It may appear troubling, as to whether Hoover could file a Motion to Remand if he were suspended; but it is even more troubling that Diemert states that he represented the City, on March 1, 1990, when he apparently did not.

**3.** The City's interest, and the Mayor's interest, may differ greatly and conflict in this case; it seems prudent, in light of experience, as well as ethical canons, for each defendant to have separate counsel.

**4.** Both Diemert and Hoover have briefed the issue of who lawfully represented the City of Macedonia at the time of Hoover's purported "suspension" as Law Director, several weeks after the time for removal. Careful attention to the law of removal obviates examining this rather murky issue.

**5.** This policy of strict construction avoids the potential waste of judicial resources:

> [I]t minimizes the chance of reversible error in determining removability. When removal is not warranted and the federal court is without subject matter jurisdiction of the case, any judgment rendered must be set aside on direct attack and the case remanded to the state court for retrial unless the jurisdictional defect can be remedied. On the other hand, if the district court remands an action to a state court, in which it was originally properly brought, the remand is to a court with jurisdiction over the case, and its subsequent proceedings have validity which will be unaffected by an error in the remand order. (Emphasis supplied, footnotes omitted)

1A J. Moore & B. Ringle, *Moore's Federal Practice* ¶ 0.157 [1.–3] at 41 (2d ed. 1989).

**6.** The Council Resolution states:
> CITY OF MACEDONIA, OHIO,
> RESOLUTION NO. 35, 1990
> A RESOLUTION CONFIRMING THE HIRING OF JOSEPH W. DIEMERT, JR., AS SPECIAL

represents both, he was not the Law Director or Acting Law Director on March 1, 1990. Therefore, he lacked legal authority to bind the City and consent to removal on that date. *Cf.* Fed.R.Civ.P. 11.

The pertinent jurisdictional provision of the removal statute states that an action may be removed "by the defendant or the *defendants.*" 28 U.S.C. § 1441(a). As a general rule,[7] Courts have long held that "defendants," in this jurisdictional statute, are treated collectively; thus, all defendants must normally join in the removal petition or notice of removal. *Chicago, Rock Island, & Pacific Railway Co. v. Martin*, 178 U.S. 245, 248, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900); *P.P. Farmers' Elevator Co. v. Farmers' Elevator Mutual Insur. Co.*, 395 F.2d 546, 547 (7th Cir.1968); *McKinney v. Rodney C. Hunt Co.*, 464 F.Supp. 59, 62 (W.D.N.C.1978); *Howard v. George*, 395 F.Supp. 1079, 1081 (S.D.Ohio 1975); *White v. Hughes*, 409 F.Supp. 1005, 1007 (W.D.Tenn.1975); 1A *Moore's Federal Practice*, ¶¶ 0.157[7] at 143, 0.168[3.–2–2] at 555 (2d ed. 1989) ("Before the plaintiff's choice of the state forum can be avoided, unanimity among all parties substantively entitled to remove is required.")[8]

In addition to the jurisdictional provision of § 1441(a), Blair has opposed, on *procedural* grounds, the failure to comply with the unanimity requirement, also expressed in 28 U.S.C. § 1446(a). *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 272 (7th Cir.1982); *Cornwall v. Robinson*, 654 F.2d 685 (10th Cir.1981); *Tri–Cities Newspapers, Inc. v. Tri–Cities Pressmen Local 349*, 427 F.2d 325 (5th Cir.1970); *McKinney, supra*, 464 F.Supp. at 62 (W.D.N.C.1978); 14A C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 3731 at 504–510 (2d ed. 1985).

In *Hess v. Great Atlantic & Pacific Tea Co., Inc.*, 520 F.Supp. 373 (N.D.Ill.1981), Judge Grady explained several rationales for requiring joinder of all defendants in federal question removals. First, there is a concern that one defendant not be permitted to impose his choice of forum upon other unwilling defendants and an unwilling plaintiff—*Hess, supra*, at 375 (citing *Chicago, Rock Island, & Pacific Railway Co.*, 178 U.S. at 248, 20 S.Ct. at 855). Second, Congressional and judicial policy, as well as notions of comity, teach that state courts are not only competent, but have concurrent jurisdiction to hear federal questions which are not within the exclusive jurisdiction of the federal courts. *Hess, supra*, at 375 (citing *Dowd Box v. Courtney*, 368 U.S. 502, 507–08, 82 S.Ct. 519, 522–23, 7 L.Ed.2d 483 (1962) (Stewart,

---

COUNSEL TO REPRESENT MAYOR JOSEPH MIGLIORINI FOR CERTAIN LEGAL MATTERS AND PROVIDING FOR COMPENSATION AND DECLARING AN EMERGENCY.
WHEREAS, the City has identified the need for special counsel to represent Mayor Joseph Milgliorini, in legal matters pertaining to defending his interest in a lawsuit filed by Karen Blair.
WHEREAS, Council feels it is in the best interest of the city that special counsel be hired for this legal case which is separate and apart from the duties of the city's law director.
NOW THEREFORE BE it ordained by the Council of the City of Macedonia, Ohio:
Section 1: That the City of Macedonia has identified the need for a special counsel to represent Mayor Joseph Migliorini in legal matters pertaining to the lawsuit filed by Karen Blair.
Section 2: That the Mayor be and he hereby is, authorized and directed to engage the services of Joseph W. Diemert, Jr., as legal counsel for the legal matters concerning the Karen Blair lawsuit at a rate not to exceed Seventy Dollars ($70.00) per hour and the Finance Director is hereby authorized to make payment to same.
Section 3: That upon completion of the Karen Blair lawsuit the employment of Joseph W. Diemert, Jr. will cease.

\*　　\*　　\*　　\*　　\*　　\*

7. Under one exception to the general rule, nominal parties are disregarded for removal purposes and need not join the removal petition. *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 272 (7th Cir.1982) (citing *Salem Trust Co. v. Manufacturers Finance Co.*, 264 U.S. 182, 189, 44 S.Ct. 266, 267, 68 L.Ed. 628 (1924)).

There is no indication that the City of Macedonia is a nominal party.

8. There are limited exceptions for nominal, unknown, and fraudulently joined defendants, and for removal under § 1441(c). *See Hill v. City of Boston*, 706 F.Supp. 966, 968 (D.Mass.1989); *McKinney v. Rodney C. Hunt Co.*, 464 F.Supp. 59 (W.D.N.C.1978).

J.) [9]; *Testa v. Katt,* 330 U.S. 386, 390–91, 67 S.Ct. 810, 813, 91 L.Ed. 967 (1947)).

Although the requirement that all defendants join is jurisdictional and procedural, the time period for doing so, 28 U.S.C. § 1446(b) (30 days in federal question cases), is also procedural, not jurisdictional—*Northern Illinois Gas Co., supra,* at 273 (citing *Ryan v. State Board of Elections of the State of Illinois,* 661 F.2d 1130, 1134 (7th Cir.1981); *Ayers v. Watson,* 113 U.S. 594, 598, 5 S.Ct. 641, 642, 28 L.Ed. 1093 (1885). This procedural rule, though, is "strictly applied ... and untimeliness is a ground for remand so long as the timeliness defect has not been waived." *Northern Illinois Gas, supra,* at 273.

Applying the law to the case *sub judice,* Diemert lacked authority, on March 1, 1990, at the time of removal, to represent the City of Macedonia—which was represented by its Law Director. *See* Defendant City's Motion to Remand, Exh. 1. Even if he possibly had such authority then—and there is little, if any, credible evidence that he did—there is substantial doubt as to consent of one Defendant, and doubts are construed against removal. The Removal Petition, on its face, shows that it was only signed by Diemert; Hoover, the Law Director, had not joined in; the Council resolution hiring Diemert states he is to represent "Mayor Migliorini" separately from the City. Defendants have clearly not met their burden of establishing the rule of unanimity; Blair and Hoover, then representing Macedonia, did not waive objection to this error.

Additionally, since the thirty day period for removal commenced on Feb. 5, 1990—the last day for removal would be March 5,

1990—the City of Macedonia, not alleged to be a nominal party, had to join by that date. Although the 30 day time period can be waived, Blair did not waive it. Hoover, then representing Macedonia, did not waive it.

Accordingly, since both defendants did not properly join in the Notice of Removal—and since the party invoking removal jurisdiction has not met its burden of proof on the propriety of removal—pursuant to 28 U.S.C. § 1447(c), this case is REMANDED to the Court of Common Pleas, Summit County.

IT IS SO ORDERED.

---

**9.** Justice Stewart wrote:

We start with the premise that nothing in the concept of our federal system prevents state courts from enforcing rights created by federal law. Concurrent jurisdiction has been a common phenomenon in our judicial history, and exclusive federal court jurisdiction over cases arising under federal law has been the exception rather than the rule. This Court's approach to the question of whether Congress has ousted state courts of jurisdiction was enunciated by Mr. Justice Bradley in *Claflin v. Houseman,* 93 U.S. 130 [23 L.Ed. 833] [1877], and has remained unmodified through

the years. "The general question, whether State courts can exercise concurrent jurisdiction with the Federal courts in cases arising under the Constitution, laws, and treaties of the United States has been elaborately discussed, both on the bench and in published treatises ... [and] the result of these discussions has, in our judgment, been ... to affirm the jurisdiction, where it is not excluded by express provision or by incompatibility in its exercise arising from the nature of the particular case." 93 U.S. at 136.
*Dowd Box v. Courtney,* 368 U.S. at 508, 82 S.Ct. at 522–23, 7 L.Ed. 483 (1962).