Peron Lee **GRIFFIN**, et al.

v.

**FORD CONSUMER FINANCE CO.**, et al.

No. 3:92CV384–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Jan. 21, 1993.

Kenneth L. Schorr & Robert E. Hempson, Legal Services of the Southern Piedmont, Charlotte, NC, for plaintiffs.

Robert B. McNeill, Horack Talley Pharr & Lowndes, Hugo A. Pearce, III, Pearce & Seltzer, Charlotte, NC, Michael P. Flanagan, Louise W. Flanagan, Ward & Smith, P.A., Greensboro, NC, for defendants.

## ORDER

ROBERT D. POTTER, District Judge.

THIS MATTER is before the Court on class plaintiffs' (plaintiffs) motion to remand filed November 12, 1992. Plaintiffs' motion to remand was issued in response to Ford Consumer Finance Company's [1] (defendant) removal petition, filed October 13, 1992, seeking a 28 U.S.C. § 1441 removal of this class action from the Mecklenburg County General Court of Justice of North Carolina to this federal court.

## FACTS

Plaintiff's complaint seeks declaratory, injunctive and monetary relief for a class of mortgage borrowers "who were victims of a fraudulent mortgage scheme perpetrated by defendants...." Plaintiff's Complaint ¶ 1. The alleged fraud scheme involved defendants, Home Loan Mortgage Assistance of Charlotte (HLMAC) and Mortgage Assistance of Charlotte (MAC), who ran ads soliciting business from financially strapped customers who held mortgages in jeopardy of foreclosure. HLMAC's and MAC's advertisements proposed a means of assisting plaintiffs in rectifying their mortgage troubles. Plaintiffs' claim that once they contacted HLMAC and MAC, they were connected by HLMAC and MAC with "loan backers" who would provide plaintiffs loans, in exchange for title to their homes, to either

---

1. Defendant is a party to this action by virtue of having become a successor in interest to Associates Financial Services Company, Inc. (Associates). Accordingly, Associates was named in the original action, while Defendant was not.

make their mortgages current or pay them off entirely.

Plaintiffs' assert that the exchange of titles for loans was fraudulent. Specifically, Plaintiffs state that they were led to believe they were entering into loan transactions, not title transfers with the "loan backers." These title transfers, according to plaintiffs, enabled the "loan backer" defendants to approach a third lending institution and obtain money in return for a security interest in the plaintiffs' home equity. The defendant now seeking removal is a successor in interest to one of the lending institutions who gave money in exchange for security interests in plaintiffs' homes to the "loan backers." Plaintiffs' claim this scheme to defraud entitles them to relief for violations of the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.*, Federal Reserve Board Regulation Z, 12 C.F.R. § 266, common law fraud, unfair trade practice laws, and common law negligence.

The complaint alleges that defendant holds an interest in some property which concerns this action. However, the complaint is unclear concerning the precise fashion in which the instant defendant is liable to the class plaintiffs. As best the Court can tell, plaintiff seeks relief from defendant as one of the "defendant lending institutions" who hold property interests which should be declared void under the Truth in Lending Act. (Complaint at ¶ 18). In any case, defendant's petition for removal indicates it thinks this Court obtains jurisdiction pursuant to 28 U.S.C. § 1331 over plaintiff and defendant by virtue of the Truth in Lending Act. Accordingly, the Court deems the Truth in Lending Act as the jurisdictional base for purposes of the instant petition.

## DISCUSSION

■ In determining the propriety of a petition for removal, the Court must restrict itself to "the plaintiff's pleading, which controls." *American Fire and Casualty Co. v. Finn*, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1950). Defendant's petition comes before the Court without specifying which provision of 28 U.S.C.

§ 1441 it relies upon. Because the Court believes the complaint reveals that plaintiffs have not presented defendant with a separate and independent cause of action within this Court's original jurisdiction, the Court finds that § 1441(c) does not apply to this case. Therefore, the Court finds that § 1441(a) applies to this case. § 1441(c) subsection provides that,

"Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." 28 U.S.C. § 1441(c) (West 1991).

■ Congress amended § 1441 by adding subsection (c) with specific objectives in mind. One "purpose of [§ 1441(c)] was to limit removal from state courts." *American Fire and Casualty Co. v. Finn*, 341 U.S. at 10, 71 S.Ct. at 538. A feature of 1441(c) which furthers this congressional purpose was the discretionary authority vested in district courts to deny removal of "otherwise non-removable claim[s] or cause[s] of action" when a "separate and independent cause of action" is joined with the otherwise non-removable claims. 28 U.S.C. § 1441(c) (West 1991). By extending this discretionary power, Congress intended "to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal." *American Fire and Casualty Co.*, 341 U.S. at 12, 71 S.Ct. at 539.

■ It is well-established in this district that "where a plaintiff ... joins two or more defendants to recover damages for one injury there is no joinder of separate and independent causes of action within the meaning of § 1441(c)." *McKinney v. Rodney C. Hunt Co.*, 464 F.Supp. 59, 63 (W.D.N.C.1978). It has been aptly observed in a sister district that "the main focus of the 'separate and independent' requirement is not the often perplexing question of whether a single 'primary right' is

involved, but rather it is aimed at whether the various claims involve a 'single wrong' to plaintiff." *Motor Vehicle Casualty Co. v. Russian River County Sanitation District et. al.*, 538 F.Supp. 488, 494 (N.D.Ca.1981). Therefore, "[w]hen a plaintiff sues a wrongdoer and [another defendant] covering the specific wrong, the claims are closely related and therefore are not independent as required by § 1441(c)." *Id.*

■ Accordingly, the Court believes that the focus of § 1441(c)'s "separate and independent claim" language is the type of wrong worked, not the discreetness of the statutory or common law causes of action pled. Thus, where a plaintiff has been injured by only one transaction, or series of interrelated transactions, sued upon by multiple statutory or common law provisions, there are no separate and independent claims or causes of action. Such a cluster of claims and causes of action are inherently contingent and connected to the common wrong for which remedy is sought.

In the matter at hand, multiple plaintiffs charge a host of defendants in a class action with injuries "typical of those of the class" (Complaint at ¶ 42) alleging "questions of law and fact common to the class...." (Complaint at ¶ 45). However, it is unclear to the Court whom the defendant seeking removal in this case has injured and how the defendant has injured that person or persons.

However, it seems reasonably clear to the Court that the federal cause of action for which plaintiffs seek to recover from defendant is not separate and independent of the injuries caused by other defendants. The complaint alleges that each plaintiff was individually wronged by one or more of the defendants in a manner giving rise to a Truth in Lending Act cause of action.

■ Whether the instant defendant is liable under the Truth in Lending Act depends upon whether the "loan backers" actually defrauded the plaintiffs. Such injuries caused by several defendants are not separate and independent causes of action but, instead, closely related and contingent

within the meaning of § 1441(c). Where, as here, "plaintiff, ... joins two or more defendants to recover damages for one injury there is no joinder of separate and independent causes of action within the meaning of § 1441(c). *McKinney v. Rodney C. Hunt Co.*, 464 F.Supp. at 63. Therefore, so far as the Court can tell from the complaint, no defendant—and particularly the defendant now seeking removal—faces "separate and independent claim[s] or cause[s] of action ..." because each plaintiff has been injured in one federally cognizable way by several defendants.

■ Since the Court finds that § 1441(c) does not apply to this case, and that § 1441(a) properly does, the Court believes this case must be remanded, in its entirety, to the court from which it was removed because no co-defendant has joined in the petition for removal. The general removal provision, § 1441(a), has been held to require that, "as a general rule, all defendants who may properly join in the notice of removal must join." 1A James W. Moore, Federal Practice ¶ 0.168[3.-2-2] p. 545, 546 (2d ed. 1992). The law in this district is well established and requires that "each and every defendant who can meet the jurisdictional requirements of 28 U.S.C.A. § 1441 must join the petition for removal in order for the petition to be valid." *McKinney v. Rodney C. Hunt Co.*, 464 F.Supp. at 62. The Court finds that no defendant has joined the petition for removal in this case. Therefore, it follows that no defendant who can meet the 28 U.S.C. § 1441 jurisdictional prerequisites has joined the petition for removal. Accordingly, the Court holds that plaintiffs' motion to remand has merit and must be granted. Furthermore, since the Court holds that the case must be remanded, it also holds that it has no jurisdiction to rule on the various motions filed since the filing of the petition of removal. Therefore, all pending motions filed since the petition of removal was filed must be dismissed for lack of jurisdiction.

NOW, THEREFORE, IT IS ORDERED that plaintiffs' motion to remand the entire case be, and hereby is GRANTED. IT IS

FURTHER ORDERED that all motions in this case now pending before the Court and filed since the time the petition for removal was filed be, and hereby are, DISMISSED for lack of jurisdiction.